### PENNINGTON v. JONES.

1. **Mortgage:** OF CROPS NOT PLANTED: INDEFINITE DESCRIPTION. In this case it was held that the description in the mortgage was indefinite and uncertain, and that before a mortgage on crops to be sown or planted can be regarded as valid, as against third persons, the year or term in which the crops are to be grown must, at least, be stated.

*Appeal from Franklin Circuit Court.*

SATURDAY, OCTOBER 22.

W. A. McDowell executed a chattel-mortgage to the plaintiff. The defendant, as sheriff, as the plaintiff claims, levied upon and sold the mortgaged property under an execution against McDowell. The defendant had constructive notice at the time of the levy, and express notice of the mortgage before the sale. This action was brought to recover damages sustained by the plaintiff. Judgment for the defendant, and plaintiff appeals.

*Dow & Gilgar*, for appellants.

*McKenzie & Hemingway* and *Hamman & Church*, for appellee.

SEEVERS, J.—The mortgage was executed on the first day of February, 1879, and the property mortgaged therein was described as follows: ."About fifty acres of wheat; twenty acres of oats; also twelve acres of barley, and twenty acres of corn; also two acres of buckwheat, to be sown and raised on the land leased of Barber McDowell, and now occupied by said W. A. McDowell, lying and being in section seventeen (17) in township of Ingham, in said Franklin county, and also one hundred and fifteen Brahma fowls, including their products and increase."

The plaintiff introduced the mortgage, and then gave evidence tending to show the amount due thereon; that McDow-

ell, during the year 1879, and after the mortgage was executed, sowed and planted upon the land described therein fifty acres of wheat, twenty acres of barley, and about thirty acres of corn, about ten acres of which was standing, unhusked, at the time the defendant made the levy, on the nineteenth day of December, 1879; that plaintiff had not taken possession of said crops, and that McDowell was in possession thereof and of the land under a valid lease for the years 1879, 1880, and 1881.

Such being the evidence, the defendant moved the court for judgment, because: First, The chattel-mortgage under which plaintiff claims "is given on crops not in existence, and of which he has never taken possession." Second, "That the description in such mortgage is insufficient and uncertain;" and, Third, "That said mortgage is not a lien on crops which were taken by defendant as alleged." The court sustained the motion, took the case from the jury, and rendered judgment for the defendant.

In *Scharfenburg v. Bishop*, 35 Iowa, 60, it was held a mortgage was valid against third persons which described the property as "including any and all fixtures and stock now or *hereafter* kept in my said leather business in the city of Keokuk, Lee county, and State of Iowa." Whether crops to be sown or planted come within the rule established in the case just cited, we have no occasion to determine.

1. MORTGAGE: upon crops: indefinite description.

In *Fejavary v. Broesch*, 52 Iowa, 88, it was held where there was a lease of a farm for six years, a stipulation therein that rents due, and to become due, under the lease should be a "perpetual lien on any and all the crops raised on the farm * * whether the same be exempt from execution or not," was valid between the parties and could be enforced. The distinction between the cited case and the one at bar is two-fold: *First*, This controversy is not between the mortgagor and mortgagee, but between the latter and a third person. *Second*, In the cited case the mortgage was on all crops grown during the

lease, and in the case before us the mortgage does not state the crops were to be grown on the leased premises, or that all the crops to be grown for any specified number of years were mortgaged.

The mortgage was executed in 1879 upon crops to be sown, and planted. The debt became due in December of that year, but the plaintiff did not take possession, and afterwards the levy was made. It is insisted, because of the facts just stated, the defendant was bound to know the crops grown in 1879 were mortgaged, but we think, as the plaintiff did not take possession, the defendant could just as well conclude the mortgage covered the crops grown in 1880 or 1881 as those of 1879.

The mortgage was therefore indefinite and uncertain, and we think the better rule is that before a mortgage on crops to be sown or planted can be regarded as valid as against third persons, the year or term the crops are to be grown must be stated. This much, at least, should be required, and whether it would be sufficient is not determined in this case.

AFFIRMED.