HUGHES v. WHEELER ET AL.

1. **Chattel Mortgage:** AFTER-ACQUIRED PROPERTY. A chattel mort-gage may be so drawn as to cover after-acquired property, if it is in existence at the time the mortgage is executed. See authorities cited.

2. ——: ——: DESCRIPTION OF PROPERTY. The mortgage in question, after describing certain personal property, including three mares, proceeded: "Also all stock I may own during the existence of this mortgage." *Held* to include, as against a subsequent purchaser from the mortgagor, a mare which was in existence when the mortgage was made, but which the mortgagor afterwards acquired. See cases cited and followed. *Muir v. Blake*, 57 Iowa, 662, distinguished.

*Appeal from Hancock Circuit Court.*

WEDNESDAY, JULY 22.

ACTION for damages alleged to have been sustained by the

the plaintiff by reason of the taking of a certain mare from his possession. There was a trial to a jury, and verdict and judgment were rendered for the plaintiff. The defendants appeal.

*Glass & Hughes*, for appellants.

*Stanberry & Clark*, for appellee.

ADAMS, J.—The mare at one time was the property of one Perry. The plaintiff claims to have derived title and right of possession as a purchaser either directly from Perry, or through one Williams. The defendant Wheeler claims title and right of possession under a mortgage from Perry. The defendant Hotchkiss claims to have acted merely as the agent of Wheeler in assisting him to gain possession of the mare under the mortgage. No question is raised in regard to the existence of the mortgage. The question raised is as to whether the description of the property mortgaged is sufficient to enable the mortgagee, Wheeler, to hold the mare as against the plaintiff. The court below held that it was not, and in effect so instructed the jury.

The mortgage was executed in 1882. It is undisputed that the mare was acquired by Perry after that time. But the mortgage was drawn with the intention of covering after-acquired property. After describing certain personal property, including three mares, it contains in the description these words: "Also all the stock I may own during the existence of this mortgage."

The plaintiff alleges in his petition that the mare is about ten years old. At the time, then, that the mortgage was executed the mare was in existence. That a mortgage may be so drawn as to cover after-acquired property, if in existence at the time the mortgage is executed, is not denied, and could not be properly. *Scharfenburg v. Bishop*, 35 Iowa, 60; *Fejavary v. Broesch*, 52 Id., 88; *Stephens v. Pence*,

56 Id., 257; *Beall v. White*, 94 U. S., 382; *Arques v. Wasson*, 51 Cal., 620.

The question before us, then, pertains to the sufficiency of the description of the property as after-acquired property. The plaintiff claims that the description is void for uncertainty; but it is difficult to see how a mare, thereafter to be acquired, could be more certainly described. Such an animal comes under the denomination of *stock*, within the strictest meaning of the word, and the words *all the stock that I may own* are as certain as any words that could be used. Where the description in a mortgage is insufficient, it is so because it does not sufficiently distinguish the property from other property owned by the mortgagor.

*Muir v. Blake*, 57 Iowa, 662, is relied upon by plaintiff. In that case the description was held insufficient. It was in these words: "All the crops raised by me on any part of Jones county for the term of three years." But the mortgagor might have grain or other crops acquired by purchase, or crops raised elsewhere within the time specified, or crops raised in Jones county before or after the time. Harvested crops are, in the usual course of farming, to be taken from the field where raised, and their history is liable to become uncertain. This is true to some extent even in the case of a single crop raised in a single field definitely described. But the difficulty is greater if the description is intended to cover crops raised in more than one year and on more than one field not definitely described, and still is not designed to cover necessarily all the mortgagor's crops. Where the mortgage is designed to cover all the mortgagor's property of a certain denomination there is no question of distinguishment. There may, it is true, be an uncertainty as to whether the property belongs to the mortgagor. But no question of that kind can be raised by the subsequent purchaser or creditor, because he claims under the mortgagor, and assumes that the property in question was owned by him. He assumes the essential fact necessary

to bring the property within such a description as that under consideration.    In our opinion, then, the description in question is sufficient, and the court erred in holding that it was not.

Some other questions are discussed, but in the view which we have taken they will not probably arise upon another trial.

REVERSED.