THE STATE v. S. E. GARRIS.

*Mortgages—Descriptions in Deed—Parol Evidence—Unplanted Crops—Criminal Intent—False Pretence.*

1. The essence of the crime of obtaining goods by false pretences being the intent to deceive and defraud, the person charged may show that he acted under a misapprehension of the facts at the time—*e. g.*, that he only occupied the relation of surety in a transaction in which he, with another, executed a bond and mortgage, and that the latter only was intended to convey their joint property, though its terms might be broad enough to convey his individual property.

2. While under some circumstances parol evidence will be admitted to identify and aid the description of property attempted to be conveyed by a mortgage which would otherwise be void for uncertainty, mortgages of unplanted crops are not within the rule; in respect to them the deed must describe them as crops raised by the mortgagor, and the lands upon which they are to be grown, and further, that they are to be raised in the season next following the execution of the deed.

(*Atkinson* v. *Graves*, 91 N. C., 99; *Rountree* v. *Vinson*, 94 N. C., 104; *Woodlief* v. *Harris*, 95 N. C., 211; *Blakely* v. *Patrick*, 67 N. C., 40; *Goff* v. *Pope*, 83 N. C., 123; *Spivey* v. *Grant*, 96 N. C., 214, and *Wooten* v. *Hill*, ante, 48.

CRIMINAL ACTION, tried at April Term, 1887, of MECKLENBURG Criminal Court, before *Meares, Judge.*

The defendant is indicted for obtaining credit and supplies for plantation uses in cultivating crops, to be raised of cotton, corn and cotton seed on his land, during the year 1886, furnished pursuant thereto, and to secure which a mortgage of said property was executed to them, by means of false and fraudulent representations, made to Philip Schiff, a member of the firm from whom the supplies were procured, that no prior mortgage of the crop had been made.

The indictment contains three counts, substantially the

same, varying in unimportant particulars only, and presenting the offence in different aspects.

The defendant, upon his arraignment, pleaded not guilty, and upon the trial the State, after offering evidence of the alleged false representations and pretences, in reliance upon which the goods were furnished, introduced certain documentary proofs, to-wit:

1. A mortgage deed, executed on April 21st, 1886, by one J. W. Rice and the defendant to said partnership of Schiff & Co., reciting an indebtedness by note in the sum of eighty dollars, due on the first day of October following, and conveying, in the words of the deed, "all our *crop of cotton, corn and cotton seed to be raised by either of us during the year* 1886, *on the place of S. E. Garris*—no other mortgage on the same property," upon certain trusts therein specified, and with a power of sale, if the debt was not discharged at maturity, for its payment.

2. A mortgage deed, made on March 2d, 1886, by the defendant to the firm of R. M. White & Co., reciting a debt by note for two hundred and fifteen dollars, due on the 15th day of October thereafter, and in which is conveyed for its security, and with a like power of sale in case of default, " these articles of personal property, to-wit: one mouse-colored mule, one red, muly cow, one red heifer, and *all the crop of corn and cotton raised by me the present year.*"

After much testimony had been heard by the jury of what transpired between Schiff and the defendant to prove the representations, and their falsity, upon which, under the supposed security of the mortgage, the credit was given and the goods supplied, the defendant proposed to show, by parol, that the note given to Schiff & Co. was for an indebtedness of Rice, and was signed by him as a surety, without seal, and that the mortgage extended to their joint crop.

The evidence was held to be incompetent, and refused, to which the defendant excepted.

The defendant insisted that the mortgage to R. W. White and Co. was inoperative to pass any title to the crops of cotton and corn mentioned in the second mortgage, because the land on which they were to be raised was not directly nor by reference described and identified.

The Court held such to be the effect of the mortgage upon its face, but admitted parol evidence to supply the defect in the description, and it was accordingly shown by the testimony of one Porter that the defendant had only one place in the county, where in 1886 he lived, worked and planted cotton.

The verdict was against the defendant, and from the judgment he appealed, assigning as errors:

1. The ruling out of the evidence offered to show his relationship to the transactions with Schiff & Co. and the extent of the mortgage security.

2. The refusal to admit testimony to prove that when the indictment was found the crop was ungathered, and that after it was gathered the debt due Schiff & Co. was paid therefrom in full.

3. The receiving of proofs outside the deed to correct its imperfect description, and show what crops were meant, so as to give the deed efficacy and operation.

*The Attorney General* and *Mr. P. D. Walker,* for the State.

*Messrs. W. W. Fleming* and *Jno. Devereux, Jr.,* for the defendant.

SMITH, C. J., (after stating the case). 1. The essence of the indictment is in the imputed intent to deceive and defraud, and thereby to obtain the goods of the defrauded owner. Unless this intent exists, and is found, the offence is not committed, and can only be inferred from acts and declarations, and especially from such as occurred at the time of the committing of the alleged fraud. Whatever

tends to show that the person charged acted under a misapprehension tends to repel the imputation, and becomes competent upon this inquiry.   Much  latitude must therefore be allowed in the reception of evidence bearing upon the issue of an intent to deceive and defraud, and we are not disposed to deny the competency of the rejected evidence, so far as it bears upon this point, and is not intended to vary or modify the terms of the written instrument.

2. The defendant has had the benefit of what occurred subsequent to the indictment, and *he, at least,* cannot complain of the ruling.

3. The Judge correctly held that, by itself and unaided by extrinsic proofs, the crops mentioned in the first mortgage did not pass, and this is in accordance with the rulings in this Court.   *Atkinson* v. *Graves,* 91 N. C., 99 ; *Rountree* v. *Vinson,* 94 N. C., 104; *Woodlief* v. *Harris,* 95 N. C., 211.

These cases establish the proposition that, to make effectual a mortgage of an unplanted crop, it must not only be raised by the mortgagor, but upon land sufficiently described in the deed, or by reference therein for identification, and, in *Wooten* v. *Hill, ante,* confining it to crops grown on land next thereafter to be cultivated, and not extending to future successive years.   The admission of proof of the understanding of the parties as to the land to be cultivated seems to have been allowed in consequence of a remark of Mr. Justice ASHE in *Rountree* v. *Vinson, ante,* in which he says, "the defect might possibly have been cured by parol evidence, offered to apply the description to the subject matter intended to be conveyed."   This intimation follows the declaration that "the description of the cotton, corn and fodder mentioned in the deed of mortgage was too vague and uncertain to pass any title to the property to the mortgagee." Page 108, *Wooten* v. *Hill.*

Now, while it is true that a deed conveying one of several articles of personal property belonging to the owner, perhaps

not capable of being distinguished by words of description from others of the same kind, and the defect not patent until an attempt to fit the description to the thing intended, may be aided by extrinsic evidence.

Thus in *Blakely* v. *Patrick*, 67 N. C., 40, where the mortgage was of ten new buggies, the mortgagor having more than that number on hand, and there was no delivery, PEARSON, C. J., said: "To vest the title or ownership in any particular buggy, it was necessary to set them apart, so as to make a constructive delivery and effect an executed contract;" and this, of course, could only be shown by parol evidence given to the jury.

So in *Goff* v. *Pope*, 83 N. C., 123, it is said: "A horse, a buggy or a cow is sold: how can the article be separated from many others of the same class except by the aid of parol testimony? The generality of the description, in many cases unavoidable, is latent ambiguity, discoverable when the object is sought, and removable by outside evidence of intent." And again, so late as February Term of the present year, the same principle is reiterated in *Spivey* v. *Grant*, 96 N. C., 214, and the mode of identifying pointed out.

But these decisions do not apply to the disposal of an unplanted crop—a thing not in *esse*—and when the description upon the face of the instrument is vague and incurable. Such property can only pass when of future growth, if the land, of which it is to be the fruit, is designated and this is the only means of identification.

The case of *Rountree* v. *Vinson* was not one of conflicting claims of different mortgagees, but it was a controversy between the administrator of the mortgagor and the mortgagees, and has some of the features of an unperformed contract, to be enforced. But we are clearly of opinion that the deed of March 2, 1886, to R. M. White & Co. cannot prevail against that of April 21 to Schiff & Co., and that no parol proof was admissible to make it valid and effectual. As then the

47

property passed under the last deed, and Schiff & Co. stand in the same relation to it as if the prior deed had not been made, there was, in legal consequences, no antecedent mortgage, no false representation as to the title and present capacity in the defendant to make the conveyance, the charge is not sustained.

For the error assigned the verdict must be set aside and a *venire de novo* awarded.

Error.