AMOS SMITH v. H. H. COOR.

*Mortgagor and Mortgagee—Crops, Removal of.*

C., in 1882, sold and conveyed to S. a tract of land, and, to secure the purchase money, S. executed a mortgage which contained a cove-nant that all crops raised on the land should be a security for the payment of that portion of the purchase money falling due in that year, and should not be removed until it was paid : *Held—*

1. That the mortgage of the crops was invalid, except for those grown in the year next after its execution.

2. That the mortgagor was not indictable for removing the crops raised in 1886.

3. That, *as between mortgagor and mortgagee,* the latter might have entered and possessed himself of the crops and applied them to his debt, without being compelled to account for them as rents.

This was a CIVIL ACTION, tried at April Term, 1889, of the Superior Court of WAYNE County, by *Graves, J.*

The action was brought to recover damages for malicious prosecution of the plaintiff by the defendant, in that the defendant had sued out a warrant against the plaintiff for disposing of mortgaged property with intent to defraud the mortgagee. The property disposed of was a part of the crop raised by the plaintiff on the land he was in possession of under a purchase from defendant and his wife, H. A. Coor, which land the defendant and his wife had conveyed to the plaintiff, and the plaintiff had executed a mortgage to the defendant's wife to secure the purchase money, with the further provision that "all crops of any kind raised on said land to be security for the annual payment of each year, and shall not be removed from said land until the note due that year is paid in full." The mortgage was executed December 16, 1882, and the crop—for the disposal of which the prosecution was instituted—was raised during the year 1886. The note due for that year had not been paid in full at the time of the disposition of the crop by the plaintiff.

The Judge charged the jury that, "if they believed that the condition of the mortgage sued on was broken, and the plaintiff had removed a part of the crop raised on said land, with intent to defraud the mortgagee of her rights under the mortgage, then there would have been probable cause for the prosecution of the plaintiff by the defendant, acting as the agent of the mortgagee." The plaintiff excepted to this part of the charge of the Judge, on the ground that the mortgage on the crops was invalid, except for crops raised the year next succeeding the execution of the mortgage.

Verdict and judgment for the defendant, from which the plaintiff appealed.

*Mr. W. C. Monroe,* for the plaintiff.
*Mr. C. B. Aycock,* for the defendant.

SHEPHERD, J.   The defendant's counsel was candid enough to concede that, if the crops for the year 1886 did not pass under the mortgage executed in 1882, there should be a new trial.   The question was decided in *Wooten* v. *Hill,* 98 N. C., 49, and *State* v. *Garris, ibid.,* 733.   It was held in those cases that the lien existed only as to the "crops planted, or about to be planted, in the year next following the execution of the conveyance."   We are, therefore, of the opinion that there was no lien on the crop of 1886, and that, for this reason, the prosecution of the plaintiff by the defendant for its unlawful removal was unfounded.

If, however, the mortgagee had entered and possessed himself of the growing crops, he would not, as *against the mortgagor,* be compelled in equity to account for them as rents, as in other cases.   The agreement would authorize him to directly apply the crops to his mortgage indebtedness.

Error.