JAMES A. TAYLOR v. B. W. HODGES.

*Construction of Mortgoge—Crop Lien—Evidence—Demand by Creditors before Action — Unnecessary when Debtor refuses to Pay—Form of Judgment in Action of Claim and Delivery.*

1. Where a contemporaneous mortgage is given to secure a note for 595 pounds of cotton, dated April 30, 1887, and payable October 1, 1887, conveying "all of my entire crop to be made on my lands in Averasboro Township, Harnett County," it is unmistakable that the mortgage referred to and conveyed the crop of 1887.

2. In such case the defendant was not injured, and cannot complain that on the trial incompetent testimony was allowed to go to the jury to show "that crop" was intended to be conveyed.

3. Where a debtor notifies a creditor that he will not pay a debt due him, the law does not require the latter to make demand before bringing suit.

4. Where, in an action of claim and delivery, the plaintiff, claiming a mortgage lien, seized, and the defendant replevied, $223.50 worth of property, and, on the trial the plaintiff recovered judgment for $50.37, the proper judgment to be entered is "that plaintiff recover the specific property, and if possession cannot be had, then the penal sum named in the bond of the defendant and his sureties, with a proviso that the specific property shall be relieved of the lien and liability to seizure and sale, and the defendant and the sureties on his bond discharged by the payment of $50.37, with interest from the beginning of the term and costs."

This was an Action of Claim and Delivery, tried before *Armfield, J.*, at the November Term, 1889, of HARNETT Superior Court.

The plaintiff claimed the property mentioned in his complaint by virtue of a note and chattel mortgage bearing date April 30, 1887. The note was given for "595 pounds of good white cotton, payable on the first day of October" of the same year, and the mortgage was of the same date, payable at the same time, and the description of the property as contained in the mortgage is as follows:

"I, Burrell Hodges, of the county of Harnett and State of North Carolina, am indebted to James A. Taylor, of said county and State, in the sum of five hundred and ninety-five pounds good white cotton, for which he holds my note, due the first day of October, 1887, and, to secure the payment of the same, I do hereby convey to him these articles of personal property, to-wit: All of my entire crop to be made on my lands in Averasboro township, Harnett County, N. C., one black ox, six head of cows and twenty head of cows, all the above property being entirely free from any incumbrance whatever," &c.

The defendant objected to the introduction of the note and mortgage—first, that there was a material variance between the allegations of the complaint and the evidence offered; and second, that the description of the property attempted to be conveyed by the mortgage was so indefinite, vague and uncertain that no title to the property sought to be recovered passed to the plaintiff by virtue of the mortgage; and third, that the mortgage attempted to convey an unplanted crop. The objections were overruled and the evidence admitted by the Court, and the defendant excepted.

On examination, the plaintiff was asked to state what sort of cotton, whether lint or seed-cotton, was intended by the note; and further, the crop of what year was intended to be conveyed by the mortgage, to which the defendant excepted

upon the ground that the written instrument could not be varied or explained by parol testimony in that way, but the Court overruled the objection and allowed the plaintiff to give the explanations asked for, to which the defendant excepted.

The defendant was introduced as a witness in his own behalf, and, upon cross-examination, was asked by the plaintiff the crop of what year was intended to be conveyed by the mortgage, to which the defendant objected, but the Court overruled the objection and required the defendant to answer the question.

There was no evidence that the plaintiff ever demanded the possession of the property sought to be recovered in this action, but the plaintiff testified that the defendant said that he never intended to pay the note in question, but that he (plaintiff) must get it according to law ; and the defendant set up a counter claim in the action against the plaintiff for $3,000, alleging that the plaintiff promised that, if defendant would sign the note and mortgage upon which this action was based, that plaintiff would furnish the defendant, during that year, with all the farm supplies that defendant should need, and this was denied by the plaintiff.

The defendant asked the Judge to charge the jury as follows :

1. That, as there was no evidence that the plaintiff ever demanded the possession of the property of the defendant sought to be recovered in this action before bringing this action against the defendant, that the plaintiff was not entitled to recover; and

2. That the description of the property as contained in the mortgage was so uncertain, indefinite and vague that no title to the property passed to the plaintiff by virtue of said mortgage.

All this was declined by the Judge, but he charged the jury that, as the plaintiff had testified that the defendant

had said that he would not pay the debt, that, therefore, a demand for the possession of the property was not necessary before bringing the suit, and that the description of the property as contained in the mortgage was sufficient to pass the title of the property to the plaintiff.

The following are the only issues that were submitted to the jury by his Honor:

1. What is defendant indebted to plaintiff on the note and mortgage mentioned in the complaint?

Answer: $50.57½, and interest at six per cent.

2. What is plaintiff indebted to defendant on the counter-claim?

Answer: Nothing.

3. What is the value of the property mentioned in the claim and delivery?

Answer: $223.50.

Upon the verdict, judgment was entered that the plaintiff is the owner and entitled to the possession of the property described in the pleadings, and that the plaintiff recover possession of said property from the defendant, or, if possession cannot be had, then he recover of the defendant and G. R. Hodges, surety on his replevin bond, the value of said property, to-wit, $223.50.

The defendant appealed.

*Mr. E. C. Smith,* for plaintiff.

*Messrs. F. P. Jones* and *W. E. Murchison,* for defendant.

AVERY, J.—after stating the facts: There was no question raised as the identification of the land to which description in the mortgage pointed, and we assume that the description was made certain by showing where all the lands owned and cultivated by the defendant in Averasboro Township, Harnett County, North Carolina, were located. *Blow* v.

*Vaughan,* decided at this term.   On the 30th of April, 1887, the mortgage was executed to secure a note due October 1st, 1887, and for that purpose the defendant conveyed " all of my entire crop to be made on my lands in Averasboro township,"¡ &c.   The mortgagor had no power to create a lien on any except the " crop planted, or about to be planted, in the year next following the execution of the conveyance." *Smith* v. *Coor,* 104 N. C., 139;  *Wooten* v. *Hill,* 98 N. C., 49; *State* v. *Garris, ibid,* 733.   The inference is, therefore, unmistakable that the crop of the year 1887 was that referred to and conveyed by the deed, and that construction is supported by the fact that the note secured was payable on the 1st day of October of that year, when the crop was maturing daily. *Woodlief* v. *Harris,* 95 N. C., 211;  *Rountree* v. *Britt,* 94 N. C., 104.   If the description contained in the deed was fairly susceptible of the interpretation we have given it, the defendant was not injured, and could not justly complain, even if the Judge allowed other incompetent testimony to go to the jury to show what crop was intended by the parties to pass by the mortgage, when he might have instructed them that the deed would create a lien on all the crops planted by the defendant on his land in said township during the year 1887, and no others.   *Comron* v. *Standland,* 103 N. C, 207.   He might, perhaps ought to, have told the jury that the defendant admitted in his answer that he conveyed the crop of 1887, and was bound by that admission.

Where the debtor notifies the creditor that he will not pay a debt due him, the law does not require the latter to go through the vain form of demanding the debt before bringing an action to recover it, and his Honor did not err in presenting that view of the law to the jury.

The jury find that the sum actually due from defendant to plaintiff was $50.37½, while the value of the property conveyed and seized was $223.50.   The plaintiff was entitled to

the possession of the property for the purpose of selling to satisfy the debt, if it was not paid, but he had no right to recover the full value of the property from the defendant and the sureties on his bond without qualification or condition, when the jury had ascertained that a smaller sum was due. Justice READE, in *Bitting* v. *Thaxton,* 72 N. C., 541, said: "If there is anything settled in our new system, it is that there is but one form of action. There are torts and contracts just as there used to be, but there are not several forms of action. * * * It is the transaction that is to be investigated without regard to its form or name." *Walsh* v. *Hall,* 66 N. C., 233; *Wilson* v. *Hughes,* 94 N. C., 182. The fact is found that only a certain sum remains due and constitutes a lien upon the mortgaged property, and the law cannot be so construed as to permit the recovery of a much larger sum than the debt ascertained to be due. Section 324 of *The Code,* as amended by ch. 50, Laws of 1885, prescribes a form of replevin bond peculiarly adapted to those cases where the title to specific personal property (such as horses) is the only question at issue, and the full value of the property is the just alternative allowance as damages, when the property is not delivered  But where the action is brought by a mortgagee, who seizes to sell and satisfy the debt, or a counterclaim is set up, the Court has the power to so frame its judgment as to do justice and prevent oppression. *Wilson* v. *Hughes, supra.* ·

The Court should have adjudged that the plaintiff recover the specific property, and, if possession could not be had, then the penal sum named in the bond of the defendant and his sureties, with a proviso that the specific property should be relieved of the lien and liability to seizure and sale, and the defendant and the sureties on his bond discharged from their obligation growing out of its execution, by the payment of $50.57½, the sum actually due, with

interest from the beginning of the term at which the verdict was rendered, and costs of the action. The judgment must be modified accordingly.

Modified and affirmed.