### S. H. LOFTIN v. W. C. HINES.

*Mortgage on Crops—To what Crops Confined—Public Policy.*

1. A mortgage upon crops to be raised other than those of the year current is invalid.
2. This limitation is based upon grounds of public policy, and upon analogy to the agricultural lien law.

This was a CIVIL ACTION, tried before *Armfield, J.*, at August Term, 1890, of LENOIR Superior Court.

The facts appear in the opinion.

*Mr. George Rountree* (by brief), for plaintiff.
*Mr. W. R. Allen*, for defendant.

CLARK, J.: In June, 1888, the defendant, to secure an existing indebtedness of $825, executed to the plaintiff a mortgage "in and to all crops now being cultivated, or hereafter to be cultivated, for the years 1888, 1889, 1890, 1891, and as long thereafter as may be necessary to pay off and discharge said debt," on a tract of land (describing it).

This is an action in which it is sought, by claim and delivery, to recover the crops grown on said tract during the year 1889. Unless said mortgage conveyed to the plaintiff either a legal or equitable title to the crop of 1889, the plaintiff cannot recover. It is held by DAVIS, J., in *Wooten* v. *Hill*, 98 N. C., 52, that "the authorities do not warrant the conveyance of an indefinitely prospective unplanted crop, and we think it should be limited to crops planted, or about to be planted, as the crops next following the conveyance," that is, the crops of the years current when the mortgage is executed. This case is to the same purport as the opinion by PEARSON, C. J., in *Mastin* v. *Marlow*, 65 N. C., 695, and it has been cited and approved by SMITH, C. J., in *State* v. *Garris*, 98 N. C., 733; by SHEPHERD, J., in *Smith* v. *Coor*, 104

N. C., 139, and by AVERY, J., in *Taylor* v. *Hodges*, 105 N. C., 344. We think the mortgage was invalid as a conveyance of title, either legal or equitable, to the crop of 1889, and the proceeding by claim and delivery must fail.

. Whether the mortgage was good as a contract which the plaintiff might enforce in equity by subjecting each successive crop, or whether his remedy is, at law, by damages for breach of contract, we need not decide, for if the plaintiff can have specific performance as to each crop as it matures, this is only a right in equity and not an equitable title, and he could not recover the possession of the crop by claim and delivery. We may note, however, that public policy, as indicated by legislation, does not favor the plaintiff's contention. *The Code*, § 1799, limits the agricultural lien for advances to the crop of the year current when such advances are made. The act prohibiting dealing in futures, and similar legislation, indicate the same policy. Political economists assure us that even the civilized world is never more than one crop ahead of starvation, and countless thousands of the human race are in a day's march of it. If, therefore, it were law that the crops of future years could be conveyed or mortgaged, it would be possible for powerful syndicates to forestall the market and control the very means of existence of a whole people. To an oppressive extent this is done when only the crop of the current year is subject to lien or mortgage. Besides, if the sales of, or mortgages on, future successive crops were valid, those who make them would be tempted not to plant, and this would diminish production and the general prosperity which is dependent on it.

We are indebted to the counsel of the appellant for an able and instructive argument, showing great research and thought, but he fails to convince us that we should reverse the precedents above cited, which are directly in point, and in which the principle now contended for by him was carefully considered and rejected by the Court.

*Per Curiam.*                                            No error.