MERCHANTS' NATIONAL BANK, of Devils Lake, a Corporation, Plaintiff and Appellant, *v.* FRANK W. MANN and F. W. PARKER, Co-Partners as F. W. MANN & Co., and EVER WAGNESS, Defendants and Respondents.

### Mortgage on Crops—Construction—Uncertainty.

A chattel mortgage, which covers all crops to be grown on certain specified land "during the years A. D. 1888, 1889, and for each and every succeeding year until the debt hereby secured is fully paid," is not void as to the crop raised by the mortgagor on said land in the year 1890, by reason of any uncertainty as to the time when the crops covered by said mortgage are to be grown.

(Opinion Filed March 7, 1892.)

*A*PPEAL from district court, Ramsey county; Hon. D. E. MORGAN, Judge.

*A. S. Drake,* for appellant. *James F. O'Brien,* for respondents.

Action by the Merchants' National Bank, of Devils Lake, against Frank W. Mann & Co. and Ever Wagness for conversion. From an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

A. S. Drake, for appellant:

A chattel mortgage given upon property not *in esse* is valid. Bank v. Elevator Co., 43 N. W. Rep. 806; Mitchell v. Winslow, 2 Story 630; McCaffrey v. Woodin, 65 N. Y. 459; 4th Amer. & Eng. Enc. of Law, p. 903. The description in the mortgage was ample. Jones on Mortgages, § 55; Rawlins v. Kennard, 41 N. W. Rep. 1004; Page v. Kendig, 7 Atl. Rep. 878; Howell v. Francis, 10 Atl. Rep. 436; Hughes v. Wheeler, 24 N. W. Rep. 251; Scharfenburg v. Bishop, 35 Iowa 66; Stephens v. Pence, 9 N. W. Rep. 215; Cadwell v. Pray, 2 N. W. Rep. 52; Fejavary

v. Broesch, 2 N. W. Rep. 963; Luce v. Moorhead, 35 N. W. Rep. 598; Green v. Rogers, 62 Ga. 166; Dehority v. Paxsen, 97 Ind. 253; Holroyd v. Marshall, 10 H. L. Cases 191; Fuller v. Railroad Co., 43 N. W. Rep. 1085; Bennett v. Bailey, 22 N. E. Rep. 916; Ludlum v. Rothchild, 43 N. W. Rep. 137; Melin v. Reynolds, 19 N. W. Rep. 81; McKay v. Shotwell, 50 N. W. Rep. 622; Sandwich Mfg. Co. v. Robinson, 49 N. W. Rep. 1031; Pennock v. Coe, 23 How. 117.

James F. O'Brien, for respondents:

The description in the mortgage is insufficient to impart notice to the world. Pennington v. Jones, 10 N. W. Rep. 274; Eggert v. Thoren, 13 N. W. Rep. 426; Barr v. Cameron, 28 N. W. Rep. 413; Smith v. Coor, 10 S. E. Rep. 466.

The opinion of the court was delivered by

BARTHOLOMEW, J. This was an action for conversion of certain grain, brought by plaintiff as mortgagee. A demurrer to the complaint was sustained, and plaintiff appealed. The sole question raised relates to the sufficiency of the description in the mortgage. The mortgage was given in March, 1888, to secure a note due December 1, 1888, and the portion of the description upon which the attack is made reads as follows: "All the crops of every nature, name, and description, to be sown, grown, planted, cultivated, or harvested during the years A. D. 1888, 1889, and for each and every succeeding year until the debt hereby secured is fully paid on the following real estate," etc. The grain in controversy was raised by the mortgagor upon the premises described in the year 1890. Section 4328, Comp. Laws, reads: "An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. In such case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing to the extent of such interest." In the case of Grand Forks Nat. Bank v. Minneapolis & N. Elevator Co., 6 Dak. 357, it was held upon full review of the authorities that under the provisions of this section a party might mortgage a crop to be grown in the future, and

that, when the mortgage was properly filed, the lien attached the moment such crop came into existence; that it required no further act upon the part of the mortgagor to give force to the lien, nor was it necessary for the mortgagee to take possession; that there was no interim during which a lien could attach that would postpone the mortgage. The defendant in this case does not dispute the legal propositions stated in the case in 6 Dak., but contends that the years in which the lien of the mortgage will attach to the crop are so indefinite and uncertain as to render the mortgage absolutely void as against third parties as to all crops except those of 1888 and 1889. We have been unable to reach that conclusion. We think the record ample to give notice to all third parties. When a chattel mortgage is once filed, no presumption arises that the debt thereby secured is paid until the mortgage is satisfied upon the record, or until the lien ceases to be of any force or effect under the provisions of § 4383, Comp. Laws, which fixes three years from date of filing as the limit of a lien under a chattel mortgage as against creditors and subsequent purchasers, unless a proper renewal affidavit has been filed. When a chattel mortgage covers all of a certain line of property that the mortgagor may acquire or produce, until the debt secured by the mortgage is paid, whoever seizes the mortgaged property while the mortgage remains in force, as shown by the record, does so at his peril. In this case the grain was seized in December, 1890. The three years of life that the statute gave the mortgage had not expired; there was no satisfaction of the mortgage of record; hence defendant was bound to know that the lien had attached to and covered the crop of 1890. It could not have been more certain if the year had been named. Yet we understand respondent's position to be that, had the mortgage specifically named any number of years, by filing the proper renewal affidavits the mortgage could be kept good until the end of the term, or at least until the debt was barred by the statute of limitations. But in that case, whether the mortgage was in fact a lien upon the crop of any one year would depend upon the same fact that governs under the description as it is, and that is the fact of payment. The same uncertainty would exist in the one case

that exists in the other. The record would give just the same information in one case as in the other, and no more. True, in the one case there would come a time beyond which the lien could not extend whether the debt was paid or unpaid, while in the other it would cover the crop of every year until the debt was paid; but we see nothing in that fact that would invalidate the mortgage. If the mortgage can cover one crop not *in esse*, it can cover any number; and while it stands in force upon the record it is notice to all the world that it has attached to all the specified crops that have come into existence. None of the cases cited by respondent require us to hold this mortgage invalid for the reason urged. In Pennington v. Jones, 57 Iowa 37, 10 N. W. Rep. 274, the description, so far as it referred to time, read: " To be sowed and raised on the land leased of Barber McDowell, and now occupied by said W. A. McDowell." No year was named, no beginning or end of term specified, or any *data* from which it could be inferred. In Eggert v. White, 59 Iowa 464, 13 N. W. Rep. 426, the description read: "All and the entire crop of flax and wheat and other grain or produce raised on the east half," etc. Held void for uncertainty, as furnishing no notice when such crop was, or was to be, "raised." In Barr v. Cannon, 69 Iowa 20, 28 N. W. Rep. 413, the description was identical with the last description, so far as time was involved, and was held bad for the same reason. And in Luce v. Moorhead, 73 Iowa 498, 35 N. W. Rep. 598, the mortgage covered "all crops growing and to be grown." Held valid as to growing crops and invalid as to crops to be grown, for the reason that no year was indicated in which the crop was to be grown. It will be noticed that in all these cases from Iowa the description is insufficient to raise an inquiry that would result in identification. While under the description in the case at bar the question of identification does not arise, the description covers all crops for every year from the time the mortgage was given until it was paid. The only inquiry required to ascertain the rights of the mortgagee was as to payment, and that inquiry is present under every mortgage, and decisive in all cases where no other question is involved.

Counsel also cites Wooten v. Hill, 98 N. C. 48, 3 S. E. Rep.

846; State v. Garris, 98 N. C. 733, 4 S. E. Rep. 633; Smith v. Coor, 104 N. C. 139, 10 S. E. Rep. 466; Taylor v. Hodges, 105 N. C. 344, 11 S. E. Rep. 156; Loftin v. Hines, 107 N. C. 360, 12 S. E. Rep. 197. These are all North Carolina cases. It had been held in that state that all crops to be planted might be the subject of a chattel mortgage, and the effect of the above authorities is to limit that holding to the next succeeding crop. The court say in Wooten v. Hill: "The authorities do not warrant the conveyance of an indefinite prospective unplanted crop, and we think it should be limited to crops planted or about to be planted, as the crops next following the conveyance." And accordingly, in Loftin v. Hines, that court held, in a mortgage of crops for the years 1888, 1889, 1890 and 1891, that the mortgage was invalid as to the crop of 1889; and in this last case the court also places its holding on the ground of public policy in that state, as evinced by various legislative enactments. But these cases can have no application here. All considerations of public policy are disclaimed by respondent, and there certainly is nothing in our statute limiting the right to create a lien upon property not in existence to property that may come into existence during the next succeeding season. Granted the validity of a mortgage of crops not *in esse*, and we see no difference in principle between the case at bar and the case of a chattel mortgage upon a certain stock of merchandise and all goods that may be added to said stock until the debt secured by the mortgage is fully paid. Yet descriptions of the latter class have repeatedly been held sufficient to cover all after-acquired goods until the debt was in fact paid. Hughes v. Wheeler, 66 Iowa 641, 24 N. W. Rep. 251; Cadwell v. Pray, 41 Mich. 307, 2 N. W. Rep. 52; McCaffrey v. Woodin, 65 N. Y. 459; Fuller v. Railroad Co., 78 Mich. 36, 43 N. W. Rep. 1085. To the profession the policy of authorizing a party to thus indefinitely incumber his future crops may appear of doubtful benefit and of dangerous tendency, but these considerations are for the legislature, and not for the courts. The district court is directed to reverse its judgment and overrule the demurrer. Reversed. All concur.

CORLISS, C. J., in concurring, does not wish to be regarded as approving or disapproving the decision in Grand Forks Nat. Bank v. Minneapolis & N. Elevator Co., 6 Dak. 357.