(No. 5900.   May 26, 1933.)

LIVESTOCK CREDIT CORPORATION, a Corporation, Respondent, v. J. F. CORBETT and M. G. CUMMINGS, Receiver of First National Bank of Bancroft, Appellants.

[22 Pac. (2d) 874.]

Black & Baum, for Appellant M. G. Cummings, as Receiver.

B. A. McDevitt, for Appellant Corbett.

Merrill & Merrill, for Respondent.

BUDGE, C. J.—Respondent commenced this action to foreclose two chattel mortgages given by J. F. Corbett to it, securing promissory notes for $6,500 and $1,000 respectively. These mortgages are dated November 28, 1930, were acknowledged December 2, 1930, were filed for record December 4, 1930, covered the same property and are worded alike, except as to reference to the respective notes. They purport to mortgage all of the sheep, cattle and horses owned by the mortgagor, "also all hay grown or now growing, or to be grown, on all lands owned, leased or con-

trolled by the Mortgagor(s) during the life of this mortgage; . . . . ''

On December 4, 1930, J. F. Corbett executed and delivered to the First National Bank of Bancroft a chattel mortgage for $3,000, to secure a pre-existing indebtedness, covering all of the livestock set out in respondent's mortgages and also the mortgagor's ''entire interest in those certain crop or crops of any and every nature, now sown and growing or to be hereafter sown or grown during the years 1931 & 1932,'' on 160 acres of land in Bannock county, particularly described, which is referred to in the testimony as the ''Bancroft place.'' This mortgage was filed for record December 6, 1930, and recites therein that it is ''subject to chattel mortgage now recorded.'' Subsequently to the execution of this mortgage appellant was appointed receiver of the First National Bank of Bancroft, and filed an answer to respondent's complaint in foreclosure, in which he admitted that the mortgages of the respondent were first and prior to the bank's mortgage on all of the property save and except the hay grown during the year 1931 on the Bancroft place. J. F. Corbett, during the year 1931, harvested on the Bancroft place the 50 tons of hay involved here, which was sold by agreement of the parties and the proceeds paid into court.

Upon such issues the cause was tried by the court which made its written findings of fact and conclusions of law, including findings to the effect that respondent's mortgages covered the hay in question, and conclusions of law to the effect that respondent's mortgages were a first and prior lien upon such hay, and made and entered its judgment in favor of respondent. Thereafter appellant M. G. Cummings made a motion for a new trial, which was overruled. J. F. Corbett and M. G. Cummings thereafter appealed from the judgment and the latter also appealed from the order denying the motion for new trial.

At the hearing respondent moved to dismiss the appeal of J. F. Corbett on the ground that he had failed to file briefs and was not present or represented by counsel at

the argument of the case. The motion was not opposed and the record supports the grounds of the motion. The appeal of J. F. Corbett is therefore dismissed.

By his first four assignments of error appellant attacks the validity of respondent's mortgages on the ground that the description therein is insufficient by reason of its failure to specify the year in which the hay was to be grown and to particularly describe the land on which it was to be raised.

At the outset it should be observed that since appellant's mortgage was given to secure a pre-existing indebtedness he is not in the position of an innocent mortgagee for a valuable consideration. (*Anglo-American Mill Co. v. Community Mill Co.*, 41 Ida. 561, 569, 240 Pac. 446.)

The general rule as to the sufficiency of chattel mortgage descriptions, applicable to both objections urged by appellant, is announced in *McConnell v. Langdon*, 3 Ida. 157, 163, 28 Pac. 403, 405, as follows:

"A description of property is sufficient if it will enable a third person, aided by inquiries suggested by the instrument, to identify the property."

With respect to the year in which the crop was to be grown, I. C. A., sec. 44–1001, provides that a valid mortgage may be made " . . . . upon crops to be planted, sown or grown within two years after the execution of the mortgage, but not upon crops to be planted, sown or grown more than two years after the execution thereof; . . . . "

Respondent's mortgages covered "all hay grown or now growing, or to be grown, on all lands owned, leased or controlled by the Mortgagor(s) during the life of this mortgage"; each of the notes for which the respective mortgages were given as security and the mortgages were dated November 28, 1930, and the notes became due and payable on December 5, 1931. It follows that "the life of the mortgage" did not extend beyond the year 1931. (*Hall v. Glass*, 123 Cal. 500, 56 Pac. 336, 69 Am. St. 77.) The hay involved was grown and harvested during the year 1931, and was therefore "grown within two years after the execution

of the mortgage.'' In considering a similar question and construing a similar statute to I. C. A., sec. 44–1001, the Supreme Court of Washington, in *Myers-Shepley Co. v. Milwaukee Grain Elevator Co.*, 124 Wash. 583, 214 Pac. 1051, said:

"It is next claimed that the mortgage was void by reason of the uncertainty of the description of the property covered by it. The mortgage covered the undivided two-thirds interest in and to the wheat sown, grown or raised on certain described property, but did not specify the year in which it was to be sown, grown, or raised. The question here, then, is whether the mortgage, failing to specify the year, was fatally defective and void as against the appellant. Section 3659, Rem. Code, among other things, provides that the mortgage of crops before the seed thereof shall have been sown or planted is forbidden, and all securities and mortgages covering such unsown or unplanted crops are 'declared void and of no effect, *unless such crops are to be sown or planted within one year from the time of the execution of the mortgage.*' Here is a prohibition against mortgaging crops not sown at the time of the execution of the mortgage, unless such crops are to be sown or planted within one year from the time of the execution thereof. The appellant cites a number of cases where it has been held in other jurisdictions that a chattel mortgage upon crops not sown at the time the mortgage is given is void as to third persons where it did not specify the particular year that the crops were to be grown. (In *Pennington v. Jones,* 57 Iowa, 37, 10 N. W. 274, the chattel mortgage involved was executed on the 1st day of February, 1879, and covered crops to be raised on leased land. The mortgage did not specify the year. It was there held that the mortgage was too indefinite and uncertain because the 'defendant could just as well conclude the mortgage covered the crops of some other year (than those grown in 1879), for the plaintiff could just as well claim crops grown in 1880 or 1881 as those of 1879.' In none of the cases cited is there a statute referred to such as that above quoted which makes a chattel mortgage upon

a crop to be sown or planted void unless such crop is to be sown or planted within one year from the time of the execution of the mortgage. Under this statute, a person could not claim a lien upon a crop during a subsequent year. as was indicated in the opinion of *Pennington v. Jones, supra,* might be done if the mortgage did not specify the year, and therefore the reason upon which that decision is based disappears. The other cases cited are to the same effect, and it does not seem necessary to enter into a detailed review of them at this time. In making the mortgage, even with the year left blank, it cannot be presumed that the parties intended to cover a crop subsequent to the year 1930, and which mortgage would be void under the statute, while, a mortgage covering that crop would be valid. In 11 C. J., p. 469, it is said:

" 'It is sufficient that the time or year of growth may be inferred from the terms of the mortgage, although not stated in express language.' .

"The fact that the note secured by the mortgage was due on September 1, 1920, would tend to indicate that it was the crop of that year that was to furnish the security. In *Taylor v. Hodges,* 105 N. C. 344, 11 S. E. 156, it is said:

" 'The inference is therefore unmistakable that the crop of the year 1887 was that referred to and conveyed by the deed, and that construction is supported by the fact that the note secured was payable on the 1st day of October of that year, when the crop was maturing daily.'

"The failure to specify the year when the crop was to be grown which was covered by the mortgage is not a defect which makes the mortgage void for indefiniteness or uncertainty."

Thus, in the instant case, the fact that by the terms of respondent's mortgages the hay covered thereby was limited to that grown during the life of the mortgages, which could not extend beyond 1931, makes the description sufficiently definite that it was the hay raised in 1931 that was covered thereby, to overcome the objection urged by appellant.

The case of *McConnell v. Langdon, supra,* relied on by appellant, citing *Pennington v. Jones, supra,* also relied on by appellant, is readily distinguishable from the case at bar upon this question, as in the chattel mortgages involved in those cases the year in which the crop was to be grown was not stated, nor was there anything in the description from which the year might be inferred or ascertained, while in the instant case the crop is limited to that raised during the life of the mortgage, which, as we have shown could cover only the crop raised in 1931. Many of the other cases cited and relied upon by appellant are distinguishable as being based upon statutes differing substantially from I. C. A., sec. 44–1001.

Coming now to the sufficiency of the description in respondent's mortgages of the land on which the hay was to be raised, an examination thereof discloses that they cover "all that certain personal property now in the possession of the Mortgagor(s), in the county(ies) of Bannock, State of Idaho, described as follows: . . . . also all hay grown or now growing, or to be grown, on all lands owned, leased or controlled, by the Mortgagor(s) . . . . "

It is therefore clear that such mortgages covered hay grown or to be grown on all land owned by the mortgagor in Bannock county. It is conceded that the hay in question was grown upon the Bancroft place in Bannock county, owned by the mortgagor. An examination of the county records would disclose the fact that the mortgagor was the owner of the land referred to as the Bancroft place, located in Bannock county, and appellant must have had actual knowledge of its ownership by the mortgagor by reason of the fact that his mortgage above referred to, given by the mortgagor, covered hay to be grown on such premises. The description set forth in the mortgages was such that a third person, aided by inquiries suggested thereby, could identify the hay covered by the mortgage and the land on which it was to be raised. (*Neal Gin Co. v. Tradesmen's Nat. Bank,* 111 Okl. 154, 239 Pac. 615; *Staple Cotton Co-operative Assn. v. Thorne,* 162 Miss. 649, 138 So. 597; *Houston Nat. Exch.*

*Bank v. Osceola Irrigating Co.,* (Tex. Civ. App.) 261 S. W. 561; *Farmers' & Merchants' Nat. Bank v. Howell,* (Tex. Civ. App.) 268 S. W. 776; *Storthz v. Smith,* 109 Ark. 552, 161 S. W. 183; *Smith v. Lafayette & Bro.,* 29 Okl. 671, 119 Pac. 979; *Duke v. Neisler & Newsom,* 134 Ga. 594, 68 S. E. 327, 137 Am. St. 250, and cases therein cited.)

It might be added in this connection that in appellant's mortgage it is recited that it was given "subject to chattel mortgage now recorded," and the trial court found, upon conflicting evidence, that the words quoted had reference to the mortgages of respondent sought to be foreclosed, and not to some previous mortgage, as contended by appellant. Without enlarging this opinion by reciting the evidence adduced upon the trial touching the knowledge and intention of appellant with reference to the priorities of the mortgages in question, we feel safe in stating, based upon the additional fact that respondent's mortgages were filed for record prior to the filing of appellant's mortgage, that it was understood and was therefore the intention of the parties holding the mortgages, that the respondent's mortgages should be a prior lien upon the hay in question, as found by the court.

Appellant seeks to predicate error upon the action of the trial court in denying his motion for new trial. Affidavits were filed in support of and in opposition thereto. The principal ground relied upon by appellant is newly discovered evidence material to appellant which he could not with reasonable diligence have discovered or produced at the trial. The general rule is that in order to warrant the granting of a new trial on the ground of newly discovered evidence it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issues; and (5) that it is not merely cumulative or impeaching.

Taking up the second and third requirement above stated, it is conclusively shown that Van Slooten, former cashier of the bank of which appellant is receiver,

handled the Corbett loan; that all of the negotiations carried on with respondent on behalf of the bank were conducted by Van Slooten. In appellant's affidavit it is also alleged, among other things, that the president of the bank was inactive; that the board of directors acted upon the reports of Van Slooten; and that the latter was in charge of all of the loans and discounts of the bank and was the only person familiar with the transaction in all of its details. It is clearly shown by the affidavits in support of the motion that the evidence alleged to be newly discovered, which related to the facts and circumstances surrounding the execution of the mortgages, known to Van Slooten, must have been known to appellant and his attorney, or by the exercise of reasonable diligence could have been ascertained by them prior to the filing of the action and also that Van Slooten was a material witness. It has been held that there is no error in denying a motion for new trial where the newly discovered evidence was such as might have been produced by due diligence before or at the time of the trial or where no sufficient reason is disclosed why the evidence could not have been produced at the trial. A party is bound to know of the materiality of testimony except in case of surprise at the trial, and where he fails to move for a continuance to enable him to obtain absent evidence, the existence of materiality of which he first discovers during the progress of the trial, he is not entitled to a new trial on the ground that the evidence was newly discovered. (20 Cal. Jur. 86.) No motion for continuance was made and apparently no effort exerted to obtain the testimony of Van Slooten until after the judgment and there is no showing of any reason why the same effort could not have been put forth to obtain the attendance and evidence of Van Slooten before the trial as afterwards. In *Caravelis v. Cacavas,* 38 Ida. 123, 220 Pac. 110, it is held:

"Where one of two litigants, jointly interested, knew before the trial that a person, alleged to be a newly discovered witness, had knowledge of the transaction upon which the action is based, reasonable diligence is negatived."

In *Stolz v. Scott*, 28 Ida. 417, 427, 154 Pac. 982, 985, the rule is announced:

"The granting or denying of a new trial rests in the sound discretion of the trial court, and, where the motion is based upon an affidavit alleging newly discovered evidence, and it appears that the evidence could have been, by the exercise of ordinary diligence, produced at the trial of the cause, an order denying the motion is not an abuse of that discretion, and will not be disturbed upon appeal. (*Hall v. Jensen*, 14 Ida. 165, 93 Pac. 962; *Montgomery v. Gray* (on rehearing), 26 Ida. 583, 585, 144 Pac. 646; *Scanlan v. San Francisco etc. Ry. Co.*, 128 Cal. 586, 61 Pac. 271; *Broads v. Mead*, 159 Cal. 765, 116 Pac. 46, Ann. Cas. 1912C, 1125.)"

The action of the trial court might well be sustained upon deficiencies in all of the above-enumerated requirements. However, we are satisfied to rest our decision upon the two discussed. The trial court did not err or abuse its discretion in refusing to grant a new trial.

The judgment and order denying motion for new trial are affirmed, with costs to respondent.

Givens, Morgan, Holden and Wernette, JJ., concur.