**UNITED STATES of America,
Appellant,**
v.
**KENYON FARMS, INC., Appellee.**
**No. 21832.**

United States Court of Appeals
Ninth Circuit.
July 17, 1968.

Walter H. Fleischer (argued), John C. Eldridge, Dept. of Justice, Washington, D. C., Carl Eardley, Acting Asst. Atty. Gen., Sylvan A. Jeppesen, U. S. Atty., Boise, Idaho, for appellant.

Herman E. Bedke (argued), Burley, Idaho, for appellee.

Before HAMLEY and MERRILL, Circuit Judges, and REAL,* District Judge.

REAL, District Judge:

Action was brought in the United States District Court by the United States against the appellee, Kenyon Farms, a corporate farm in Idaho, for conversion of potatoes and other crops on which the Farmers Home Administration held a crop and chattel mortgage.

Crop and Chattel Mortgages were properly recorded by the Farmers Home Administration in March 1960, and March 1962, with Mr. and Mrs. Blaine P. Martindale as mortgagors. The mortgages covered the Martindales' interest in

"all crops now standing, planted, sown, growing, or grown and all crops that may be standing, planted, sown, growing, or grown within two (2) years after the date hereof, on the land described hereinafter, and on any other lands owned, leased or controlled by the Borrower in the county(ies) identified hereinafter or in any other county(ies) in the State of IDAHO; * * * "

At the time of the execution of the crop and chattel mortgage in question upon this appeal, the borrowers Blaine P. Martindale and Rachel O. Martindale were tenants on a farm owned by W. B. Whiteley. Whiteley's farm was located in Cassia County.

During the year 1960, Blaine P. Martindale and Rachel O. Martindale became tenants on a farm owned by appellee also located in Cassia County. The Martindales had a one-half interest in crops grown on appellee's farm.

The lease interest in appellee's farm was shared equally between the Martindales and W. B. Whiteley. W. B. Whiteley was an officer and held a large interest in appellee.

During the years 1960 and 1961, the crops from appellee's farm were sold to appellee. Rather than pay the Martindales the proceeds from their one-half interest in those crops, the proceeds were credited to the Martindales' otherwise unsecured indebtedness to appellee.

After trial, the District Court concluded that the crop and chattel mortgage, because of the nature of the printing and wording of appellant's crop and chattel mortgage, did not give constructive notice to appellee of any claim of crop mortgage by appellant.

█ █ The clause relied upon by appellant appears on the first page of a

* The Honorable Manuel L. Real, United States District Judge for the Central District of California, sitting by designation.

standard printed form denominated FHA 30.10. Its pertinent language creating the after acquired application of the mortgage is in the same type size as are all the other standard provisions provided in each of the four pages of the document denominated crop and chattel mortgage (Idaho). The language clearly covers "all other lands, owned, leased or controlled by the Borrower." Such provisions are fully sanctioned by the laws of the State of Idaho. Idaho Code 45–1101. Livestock Credit Corp. v. Corbett, 53 Idaho 190, 22 P.2d 874 (1933).

The judgment is reversed and remanded to the District Court for entry of judgment consistent with this opinion.