EGGERT & THOREN v. WHITE ET AL.

1. **Chattel mortgage**: RECOVERY OF PROPERTY UNDER. One who seeks by virtue of a chattel mortgage to recover the possession of property which he claims is covered by it, must rely on the strength of his own title and not on the weakness of the title of his adversary.

2. ———: INSUFFICIENT DESCRIPTION: PAROL EVIDENCE TO AID. The description of the property in the mortgage was as follows: "All and the entire crop of flax and wheat and other grain or produce *raised* on the east half, etc.," and the year when the same were to be "raised," was not stated; *held* insufficient to put defendants on inquiry as to crops, none of which were "raised," and only five acres of which were sown, at the time of the execution of the mortgage, and that the description could not be aided by parol testimony.

*Appeal from Hardin District. Court.*

THURSDAY, OCTOBER 5.

THE defendant, White, commenced an action to foreclose a mortgage executed to him by one Griggs, on certain real estate. The defendant, Miller, on the application of White, was appointed a receiver to take charge of certain crops growing on the mortgaged premises. The plaintiffs intervened in said action, claiming they were entitled to the possession of said crops under a chattel mortgage executed to them. The receiver took possession of the crops harvested, sold the same, and paid the net proceeds to White. From the order appointing the receiver there was an appeal, and the same was reversed by this court. See 54 Iowa, 650. The object of this action is to recover the value of the crops as converted by the receiver. The court held the plaintiffs could not recover, and they appeal.

*J. H. Scales*, for appellant.

*M. W. Anderson* and *H. L. Huff*, for appellee.

SEEVERS, CH. J.—I.  The right of the plaintiff to recover is based on the chattel mortgage executed by Griggs.  In addition to a general denial, several special defenses were pleaded.  The general denial put in issue the sufficiency of the mortgage.  If the plaintiffs did not have a valid and sufficient mortgage on the crops, they cannot recover, no matter whether the defendants had any title or right thereto.  The plaintiff must recover on the case made in the petition and on the strength of his own title, and not on the weakness of the defendants' title.  If the plaintiffs are not entitled to recover, the defendants are liable to the true owner of the property.  It is said by counsel for the plaintiffs that the defendants are trespassers, and therefore not in a position to question the validity of the mortgage.  In support of such proposition *Harlem v. Lockwood*, 37 Conn., 500, is cited.  This case has no application to the case in hand, nor does it support the proposition stated by counsel.  Unless the plaintiffs were the owners, or in possession of the property, they cannot say the defendants were trespassers.

II.  The description of the property in the mortgage is as follows: "All and the entire crop of flax and wheat and other grain or produce raised on the east half, etc."  The evidence tended to show the grain in controversy consisted of wheat and flax, and that about five acres thereof were sown at the time the mortgage was executed.  The mortgage does not describe or refer to crops growing at the time it was executed, but to crops "raised."  The description is indefinite and uncertain in that it does not appear when the crops were "raised."  If, however, the mortgage can be said to describe and apply to growing crops, then the description is insufficient, because the year the same are to be grown is not stated.  *Pennington v. Jones*, 57 Iowa, 37.  The plaintiff sought by parol to identify the property mortgaged.  It is said it has been held this may be done when the property consists of horses or cattle.  *Smith v. McLean*,

*Margin notes:*

1. CHATTEL mortgage: recovery of property under.

2. ——: insufficient description: parol evidence to aid.

24 Iowa, 322; *Yant v. Harvey*, 55 Iowa, 421. Conceding the rule to be as claimed, it must of necessity have its limits. For instance, if the property was described as a white horse and there were no other marks of identification, it must be regarded as doubtful whether it could be shown by parol the horse mortgaged was black. But the true question here is whether the description in the mortgage was sufficient to put the defendants on an inquiry. If it was not, then what the parties may have intended, or what could be shown by parol, is wholly immaterial. We think the description of the property was insufficient to put the defendants on inquiry.

AFFIRMED.