## BARR, SHERIFF, v. CANNON & GUNN.

1. **Chattel Mortgage:** INSUFFICIENT DESCRIPTION. The following description in a chattel mortgage: "All the grain, oats, wheat, flax and corn raised" on certain land, without stating the year when it was raised or to be raised, *held* insufficient to impart notice to execution creditors of the mortgagor;—following cases cited in opinion.

2. **Execution:** LEVY ON STANDING CORN. Where a sheriff levied an execution on standing corn by going into the field for that purpose, and notifying persons interested that he had made the levy, *held* that the levy was good as against such persons, and that it was not necessary to keep a guard over the field in order to maintain the levy.

3. **Chattel Mortgage:** INVALID: PROPERTY NOT DELIVERED: ACTUAL NOTICE. The mortgagees of chattels, where the mortgage is invalid and there has been no change of possession, cannot claim anything as against an execution creditor of the mortgagor, on the ground that the mortgagor's possession was that of an agent for the mortgagees under a contract between them. (Code, § 1923.) And in such case actual notice of the invalid mortgage is of no consequence.

*Appeal from Mahaska District Court.*

WEDNESDAY, JUNE 9.

ACTION to recover the value of certain corn levied upon by plaintiff as sheriff, which was taken by defendants, and converted to their own use. There was a judgment upon a verdict for plaintiff. Defendants appeal.

*Bolton & McCoy*, for appellants.

*Robert Kissick* and *George W. Lafferty*, for appellee.

BECK J.—I. The defendants in their answer to the petition allege that they were owners of the corn in controversy, and in possession of it under a chattel mortgage, of which plaintiff had full notice, and deny that plaintiff made a levy upon the corn. The district court correctly held that the defendant's mortgage was invalid, upon the ground that it does

1. CHATTEL mortgage: insufficient description.

not sufficiently describe the property intended to be conveyed; the description being "all the grain, oats, wheat, flax and corn raised" on certain land. The mortgage fails to state the year or time in which it was to be raised. A similar instrument, wherein the description of the property conveyed was identical with the description in the conveyance involved in this case, was held by this court invalid. The description is not sufficient to raise inquiry which could lead to the identification or discovery of the property intended to be conveyed. The instrument is therefore void for uncertainty. The rulings of the district court to this effect must be sustained. *Eggert v. White*, 59 Iowa, 464; *Pennington v. Jones*, 57 Id., 37.

II. It is urged by counsel that the sheriff's levy was not sufficient to bind the property, for the reason that the officer 2. EXECUTION: did not take actual possession of the property. levy on standing corn. The corn levied upon was in the field, ungathered. Prior to the levy the sheriff notified the defendants in this case of his purpose to levy on the corn, and just before or at the time of the levy he notified the defendant in execution that he was about to make the levy. He went into the field for that purpose. It appears that he did all that could have been done in order to take possession of the property and to notify persons interested of the fact that he had made the levy. It is not usual for owners of corn-fields to keep a watch and guard over them. They retain possession without such precautions. The sheriff having taken possession of the corn would retain it by pursuing such course as owners of property usually take to retain possession.

III. Counsel for defendants insist that the possession of the property, at the time of the levy, was held by defendants. 3. CHATTEL mortgage: invalid: property not delivered: actual notice. They claim that the execution defendant was in possession as the agent of defendants. The facts relied upon to support this claim are that there was a contract between defendants and the execution defendant that the latter should gather the corn for

the former, and that he had gathered a small part of it. But the transfer of the corn to defendants, as the mortgage was not valid, in the absence of the delivery of possession to them, was not sufficient as against persons having no notice of the transfer. Code, § 1923. The defendant in execution continued in the actual possession of the property.

IV. The defendants based their claim to the corn upon the chattel mortgage, and the surrender of the property to them, and their possession thereunder. The defendants now complain that the district court failed to instruct the jury upon defendants' claim of possession and ownership. The instructions correctly direct the jury as to the effect of ownership and possession acquired by defendants before the levy, and, we think, present with sufficient fullness rules applicable to the case as made by the pleadings and evidence.

V. The mortgage, as we have seen, is void for uncertainty. Actual notice of the execution or existence of the mortgage upon the part of plaintiff would not have affected the rights of defendants. The mortgage being void, it would impart no right to defendants on the ground that plaintiff or the execution creditors had actual notice of its existence.

VI. The point is made in defendants' argument that the court erred in failing to direct the jury " that notice to the sheriff before the levy would be notice to the appellee." The notice here referred to is probably notice of the mortgage, or notice of the delivery of the corn to defendants, or notice of both. We confess that we fail to see any force in the objection, as the sheriff is appellee. Whatever the court said on the subject contemplated notice to plaintiff, who is the sheriff and the appellee.

The foregoing considerations sufficiently dispose of objections raised and argued in the case, all of which are based upon alleged errors in rulings upon instructions, and in the refusal of the court below to set aside the verdict on the ground that it is not supported by the evidence.

The judgment of the district court is

AFFIRMED.