## LUCE v. MOOREHEAD ET AL.

1. **Chattel Mortgage:** DESCRIPTION: "CROPS GROWING AND TO BE GROWN." A chattel mortgage upon "crops growing and to be grown" is not void for uncertainty of description as to the crops growing, on the ground that the mortgage fails to state the year in which the crops are to be grown; (compare *Pennington v. Jones*, 57 Iowa, 37;) for it is clear that the "crops growing" are those growing at the date of the execution of the mortgage; and the mortgage will hold the "crops growing," though it be void as to those "to be grown."

2. **Landlord's Lien:** ACTION FOR CONVERSION OF CROPS: EVIDENCE TO DEFEAT LIEN. In an action by a landlord, against a purchaser of crops from the lessee, to recover the value of such crops, on the ground that he has a landlord's lien thereon, he cannot object to the introduction of chattel mortgages upon the crops, made to strangers to the suit by the lessee while he was the owner of the land, and before he conveyed it to the landlord, but after the crops were planted; for such evidence would show that the landlord had no lien, and therefore no right to recover against the defendant.

### *Appeal from Harrison District Court.*

### FRIDAY, DECEMBER 16.

ACTION to recover the value of certain corn converted by defendant Moorehead. There was a judgment for defendants. Plaintiff appeals.

*H. H. Roadifer* and *J. W. Barnhart*, for appellant.

*S. H. Cochran*, for appellees.

BECK, J.—I. The petition alleges that plaintiff held a landlord's lien upon certain grown corn upon land leased by her to one Lake, for which the rent remains due and unpaid, and that Lake sold and delivered the corn to defendant Moorehead, which he has converted to his own use. The plaintiff seeks in this action to recover the value of the corn. The defendant alleges in his answer that Lake executed to him a chattel mortgage, under which he acquired the corn in controversy, before the lease upon which plaintiff claims was

executed; that Lake at that time owned the land upon which the corn was grown, and subsequently conveyed it to plaintiff, and executed the lease, and that the corn was planted before the lease was executed. Hillis intervened, claiming that the corn was covered by a chattel mortgage executed to him by Lake before the mortgage to defendant Moorehead was executed. The cause was tried to a jury, and a verdict was had for defendant as against plaintiff, and for the intervenor as against defendant for a small sum, upon which judgments were rendered. Plaintiff appeals, but defendant does not appeal from the judgment in favor of the intervenor.

II. The mortgage under which defendant acquired the corn conveys, among other property, " all crops growing and

1. CHATTEL mortgage: description: "crops growing and to be grown."

to be grown" upon the land covered by plaintiff's lease. The evidence supports the allegations of defendant's answers as to the date of the execution of the mortgage being prior to the execution of the deed of the land and the lease to plaintiff, and the allegation that the corn was planted before the mortgage was executed. But plaintiff insists that the mortgage as to the corn is void for uncertainty in the description, for the reason that it fails to designate the year in which the crop was grown. Plaintiff, to support this position, relies upon *Pennington v. Jones*, 57 Iowa, 37: That case holds that a mortgage, covering crops " to be sown and raised" upon certain land described, was void for uncertainty, in that it failed to specify the year in which the crop was to be grown. As to the corn in question, there is no such uncertainty in the mortgage invoked in this case. It covers crops growing; that is, crops growing when the instrument was executed. It thus designates the year in which the crops are grown as the year in which the mortgage was executed. It would be void under the case just named as to the crops " to be grown;" but as such crops are not involved in this case, this uncertain description can have no effect upon defendant's

rights. An instrument may be valid as to the property sufficiently described, and void for uncertainty of the description of other property. The objection to defendant's mortgage on the ground of uncertainty of the description was made upon the offer to introduce it in evidence, and was renewed in requests to instruct the jury. In each case it was correctly overruled.

III. The district court, against plaintiff's objection, permitted the mortgage under which the intervenor claims, and other mortgages to other persons, to be introduced in evidence. The objection is renewed in this court. We think it is not well taken. Plantiff seeks to recover for the conversion of property upon which she held a lien. If these mortgages were paramount to her lien, her claim would be defeated, for she could not recover against defendant unless she showed that she was entitled to enforce her lien against the corn. In that case, the holders of these mortgages, and not plaintiff, are entitled to complain on account of the conversion of the property. She cannot recover against defendant when it is shown, as it was by these mortgages, that her lien cannot be enforced against the corn.

2. LAND-LORD'S lien: action for conversion of crops: evidence to defeat lien.

As the defendant does not appeal, no question arises in the case as to the judgment in favor of the intervenor.

The foregoing considerations dispose of all questions argued by plaintiff's counsel. The judgment of the district court is

AFFIRMED.