## THE CITY BANK OF BOONE v. RATKEY.

1. **Chattel Mortgages:** DESCRIPTION OF PROPERTY. The rule is well
established that if, from the description contained in a chattel
mortgage, the mind is directed to evidence whereby it may ascer-
tain the precise thing conveyed, the record of the instrument is
notice to third persons; otherwise it is not. (See *Everett v. Brown*,
64 Iowa, 442.) Under this rule, *held* that the following descrip-
tion was sufficient: "The following described cattle now kept
by us on our farms" in a certain township (giving the names of
the cattle): "Eighteen head of two-year-old steers, of various
colors. The foregoing represents the names of said cattle as
registered in the American Short-Horn Herd Book. Also one
span of heavy, dark bay mules, also kept on said premises."

City Bk. of Boone v. Ratkey.

2.  ———: IDENTITY OF PROPERTY: EVIDENCE.  Where there is some evidence as to the identity of mortgaged chattels, this court will not disturb the finding of the jury on that point.

3.  ———: NOTICE: PROOF OF RECORDING.  In an action to recover property by virtue of a chattel mortgage, it is necessary for the plaintiff to prove actual notice of the mortgage, or constructive notice by the recording thereof.  In the absence of any evidence tending to prove such notice, it was error to submit the question to the jury, and a verdict for plaintiff should have been set aside.

*Appeal from Boone District Court.*—HON. JOHN L. STEVENS, Judge.

FILED, JANUARY 31, 1890.

ACTION to recover possession of thirty-seven head of steers, claimed by virtue of a chattel mortgage from L. M. Fisk & Son to plaintiff.  Defendant answered, denying each and every allegation in the petition. Trial to a jury.  Verdict and judgment for plaintiff. Defendant appeals, assigning as errors that the court erred in admitting evidence, in giving the third instruction to the jury, in overruling appellant's motion for a new trial, and in rendering judgment for the plaintiff.

*Clayton Harrington, Crooks & Jordan* and *S. R. Dyer,* for appellant.

*E. L. Green,* for appellee.

GIVEN, J.—I.  Appellant's contention is that the description of the property in the mortgage under

1. CHATTEL mortgages: description of property.

which appellee claims is not such as the law requires in order to impart notice to third persons by the record thereof.  The rule is well established that if, from the description contained in the mortgage, the mind is directed to evidence whereby it may ascertain the precise thing conveyed, if thereby absolute certainty may be attained, the instrument is valid; otherwise it is void, as to third persons, for uncertainty.  *Everett v. Brown,* 64 Iowa,

422, and cases therein cited. This mortgage recites that L. W. Fisk & Son, in consideration of two thousand dollars in hand paid by the said bank of Boone, have bargained and sold, and by these presents do grant and convey, unto said party, the following goods and chattels, to-wit: "The following described cattle, now kept by us on our farms in Peoples township, Boone county, Iowa, viz.: Sarah, Lena, May Queen, Amy, Puss, Clara, Bertha, Ida Oxford 3rd, Ben Scott, Pansy Peoples 3rd, Sharon Duke, Oxford Lad, Belinda Peri 2nd, Rose Mary Peoples 3rd, Mary W. Peoples, Jupiter Peoples, Amelia Peoples, Cypress Hooker, Lillian Duke; eighteen head of two-year-old steers, of various colors. The foregoing represents the names of said cattle, as registered in the American Short-Horn Herd Book. Also, one span of heavy, dark bay mules also kept on said premises." Following this is a covenant to warrant and defend, and the usual conditions in such mortgages. We have examined all the cases wherein this court has held the description insufficient, as well as those wherein it has been held that it was sufficient, and are clearly of the opinion that the description in this mortgage is such as to bring it within the rule stated above, and to put third persons on inquiry that would have discovered the precise property mortgaged.

II. Appellant's next contention is that the testimony falls far short of identifying the cattle taken under the writ as being the same described 2. ——: identity of property: in the mortgage. The cattle were taken evidence. from the immediate possession of C. Harrington, who was holding them on behalf of defendant, and who had just taken them from the farm of Fisk & Son. He states: "I took all the steers that I found on the farm. I do not know whether those I found were all that were on the farm or not." This, with the testimony of J. M. Fisk and others, as to the ages of the cattle taken, was surely testimony enough upon which to submit the question to the jury, and which

was done by the court.   We see no reason for disturb-
ing the finding of the jury that the cattle were the
same.

III.   The court instructed the jury that to entitle
the plaintiff to recover they must find, among other

3. ——: notice:
proof of re-
cording.

things, that the mortgage to the plaintiff
had been duly recorded prior to the time
the defendant took possession of the cattle.
Appellant contends that there is no evidence that the
plaintiff's mortgage was ever recorded.   The plaintiff
alleges in the petition that it was duly recorded in the
office of the recorder of mortgages for Boone county,
Iowa, on February 25, 1885; in Book 2 of Personal
Property Record, on page 9.   This is controverted by
the defendant's general denial; and thereby the burden
was cast upon the plaintiff to prove that the mortgage
had been recorded, before being entitled to any advan-
tages that would result from the recording of the same.
Appellant's abstract shows that plaintiff offered in
evidence the mortgage (Exhibit A) and the note
(Exhibit B); to which the defendant objected on the
grounds "that the mortgage is void for uncertainty in
the description of the property sought to be conveyed
by it; that a record of it does not impart constructive
notice to third parties," etc.,—which objection was
overruled.   The mortgage set out as "Exhibit A" in
appellant's abstract does not embrace any indorsement
showing that the same had been recorded.   Appellee's
amendment to appellant's abstract states that "plaintiff
here offered in evidence its mortgage, marked 'Exhibit
A,' and also its note, marked 'Exhibit B,' copies of
which are set out in appellant's abstract.   Upon the
back of which mortgage, so offered in evidence, was
indorsed the certificate of county recorder for Boone
county, Iowa: 'Filed in the office of the recorder of
deeds for Boone county, Iowa, on the —— day of
February, 1885, at —— o'clock, and recorded,'" etc.
" Note: The plaintiff did not formally offer in evidence
the certificate of the county recorder as to when said

chattel mortgage was filed for record, but simply offered the mortgage itself, believing such offer carried with it all indorsements connected with it, and appearing upon the writings." The transcript shows that the plaintiff offered in evidence mortgage, Exhibit A, and note, Exhibit B, to which defendant objected, as stated in her abstract. The transcript embraces a copy of the plaintiff's mortgage offered in evidence, with the certificate. The mortgage marked "Exhibit A" is indorsed in words and figures as follows, to-wit: (See the indorsement upon each exhibit, being a sheet, printed blank filled, last preceding, which indorsements are copies of the indorsements upon said exhibit). The printed blank filled last preceding bears no indorsement whatever showing the recording of the original. Appellant seems to rely upon the claim that, to charge her with notice, appellee must prove that the mortgage has been indexed, while appellee seems to rely upon the claims that the introduction of the mortgage carried with it the indorsement thereon, and that thereby the fact of recording was proven. It is not clear to us why a matter that was so easily established either way should be left in any doubt. If the mortgage ever was recorded, the record in this case fails to show it, but, on the contrary, shows that it never was. The plaintiff must recover possession, if at all, upon the strength of his own right to possession, and not because of the weakness of the right of his adversary. This plaintiff is asking to recover possession from the third person by virtue of this chattel mortgage alone. To render this mortgage valid and binding as to defendant it must appear that she had either actual or constructive notice thereof. There is no allegation or proof of actual notice; and, the mortgage not having been recorded, there is no evidence of constructive notice to the defendant prior to the time that she, through her agent, took possession of the cattle.

The mortgage not having been recorded, the court erred in submitting that question to the jury, and in

overruling appellant's motion for new trial on the ground that the verdict is not sustained by sufficient evidence. As for these reasons the case must be reversed, it is unnecessary to notice the other points made on the appeal, as they will not arise on retrial. The judgment of the district court is ·

REVERSED.