(115 N. W. 836.)

---

J. L. GORDER, AS ADMINISTRATOR OF THE ESTATE OF MARTIN J. FORDE, DECEASED, v. P. S. HILLIBOE, AS ADMINISTRATOR OF THE ESTATE OF E. ERTRESVAAG, DECEASED.

Opinion filed March 18, 1908.

**Chattel Mortgage — Misdescription of Property.**

1. Where a mortgage on its face shows that it must have been intended to be given on a crop to be sown during the season following its date, the intention of the parties will be given effect, notwithstanding the fact that the mortgage expresses another year by mistake.

**Trover and Conversion — Defenses.**

2. In an action for damages for the conversion of grain, it is competent to plead and show as an equitable defense that the grain was mortgaged to the defendant and that the mortgage was drawn by mistake to cover the crop of another year, without first reforming the mortgage through an equitable action.

Appeal from District Court, Bottineau County; Goss, J.

Action by J. L. Gorder, administrator of Martin J. Forde, against P. S. Hilliboe, administrator of E. Ertresvaag. Judgment for plaintiff, and defendant appeals.

Reversed and remanded.

*Noble, Blood & Adamson (Ball, Watson, Young & Hardy,* of counsel), for appellant.

Testimony on cross examination is the evidence of the party eliciting it. Wilson v. Wagner, 26 Mich. 518; Campeau v. Dewey, 9 Mich. 381; Shartz v. Shartz, 35 Mich. 485.

Where a statute excludes testimony as to transactions with the decedent is silent as to the right of the opposite party, the latter can examine.   Dudley v. Steele, 71 Ala. 423; Chase v. Enroy, 51 Cal., 618; Roberts v. Brisloe, 44 Ohio St., 596; Young v. Montgomery, 161 Ind. 68.

A voluntary transfer of property under an instrument containing a misdescription cures that defect.   Frost, Assignee, etc., v. Citizens National Bank, 32 N. W. 110; Kelley v. Andrews, 71 N. W. 251; Dolan v. Van Demark, 10 Pac. 848; Trice v. Myton, 59 Pac. 1090; Falk v. Decow, 61 Pac. 760.

Plaintiff cannot sue for conversion of property lawfully in defendant's possession.   Omlie v. Farmers State Bank, 8 N. D. 570, 80 N. W. 689; Irving v. Hubbard, 80 N. W. 156; section 21 Enc. Pl. & Pr. 1063, 1065.

*A. G. Burr, J. H. Bosard,* and *N. C. Wegner,* for respondent.

A contract must be *first* reformed, and then enforced.   Revised Codes 1905, section 6622; Insurance Co. v. Mowry, 6 Otto, 546, 8 Myers Fed. Dec. 325; Miller v. Kolb, 47 Ind. 220; Conyers v. Mericles, 75 Ind. 443; McCasland v. Aetna Life Insurance Co., 9 N. E. 119; Linton v. Fireworks Co., 28 N. E. 580; Parker v. Schaller Sav. Bank, 67 N. W. 245; Wood v. Hubbell, 5 Barb. 603.

Evidence elicited on cross examination is deemed evidence in chief of the party bringing it out.   Wilson v. Wagner, 26 Mich. 518; Campeau v. Dewey, 9 Mich. 318; Shartz v. Shartz, 35 Mich. 485.

Defendant, having no lien, cannot recoup from plaintiff's recovery in conversion.   Lovejoy v. Merchants Bank, 5 N. D. 623, 67 N. W. 956.

MORGAN, C. J.   This is an action for damages based on the alleged conversion of grain.   The plaintiff is the administrator of the estate of one M. J. Forde, deceased.   The defendant is the administrator of the estate of one E. Ertresvaag, deceased.   Forde executed and delivered to Ertresvaag a chattel mortgage on the following described property, viz: "All the crops that shall be sown, planted, grown, raised or harvested during the year 1903 on the N. E. quarter of section 7, township 162, range 78, now in my possession in the county of Bottineau and state aforesaid."   The mortgage was given and dated on December 14, 1903, and was to

secure a note of the same date to become due October 1, 1904. The defendant, as mortgagee, took possession of the crop of 1904 and sold it. The plaintiff brings this action to recover the value of the crop, and alleges an unlawful conversion thereof by the defendant. The answer is a general denial, with a further allegation that the mortgage described the crop intended to be mortgaged through mistake to be the crop of 1903, when it should have described it, according to the intention of the parties, as the crop of 1904. A trial by jury was waived by the parties, and a trial to the court was had. The trial court found in favor of the plaintiff for $244, the value of the crop found to have been wrongfully converted with interest.

This finding was made on the theory that the defendant did not have a mortgage on the crop grown on the land in the year 1904. We are satisfied that the evidence shows the mortgage given was intended to cover and did cover the crop to be raised in the year 1904. In the first place the indebtedness secured by the mortgage was evidenced by a note of the same date as the mortgage which was to become due in October, 1904, and these facts are recited in the mortgage. Further, the mortgage recites that it was given on "all crops that shall be sown, planted, grown, raised, or harvested during the year 1903." It is plain that a crop in this latitude cannot be planted in December, and that a mortgage given in that month cannot possibly become a lien on a crop to be grown during that year. Hence it is too clear for doubt that the parties could not have intended the giving or taking of a mortgage on the crop of 1903. It is equally clear that a mortgage on the crop of 1904 must have been intended by the parties. Section 6131, Revised Codes 1905, provides that "a lien by contract upon crops shall attach only to the crop next maturing after the delivery of such contract except in the case of liens by contract to secure the purchase price or rental of the land upon which such crops are to be grown." The crop of 1904 was the only one that could next mature upon the land when the mortgage was given, and from the language of the mortgage, considered in connection with the provisions of this statute, it cannot be presumed that a mortgage was intended to be given on a crop which was to mature after the year 1904. It cannot be presumed that the parties intended to give a mortgage which would be ineffectual. In view of the language of the mortgage and the provisions of the statute, we think that the parties intended to give

and did give a mortgage on the 1904 crop. The writing of the year 1903 in the mortgage must have been a clerical error. Giving effect to what we deem to be the expressed intention of the parties, notwithstanding the writing of the wrong year, we hold that the mortgage was given for the crop of 1904.

The respondent's contention is that the mortgage cannot avail the defendant as a defense to the alleged cause of action for conversion of the grain until the mortgage is reformed in a court of equity so as to express the intention of the parties. This cannot be upheld, inasmuch as the mortgage on its face shows that a mortgage for 1904 was intended. That contention, however, would not be sustainable as a matter of law if the mortgage had by mistake shown that it was given upon the crop of 1904. The defendant would not be guilty of converting the grain, if he had a legal or equitable right to the possession thereof. Any fact that will negative a wrongful taking will defeat a stated cause of action for conversion. If the parties intended that a mortgage was to be executed for the crop of 1904, and it is shown that such intention was not expressed on account of a mutual mistake, this fact could be shown as an equitable defense, without a previous reformation of the mortgage. In Pomeroy on Code Remedies, section 92, it is said: "There does not seem to be any limit to the use of such defenses, other than is found in the very nature of equity jurisprudence itself. Whenever equity confers a right, and the right avails to defeat a legal cause of action—that is, shows that the plaintiff ought not to recover in his legal action—then the facts from which such right arises may be set up as an equitable defense in bar."

In Plano Mfg. Co. v. Daley, 6 N. D. 331, 70 N. W. 277, it was held as follows in a claim and delivery action: "Where, in such an action, plaintiff bases his claim to the property upon a chattel mortgage executed by defendant, and defendant in his answer admits the execution of the mortgage and denies all the other allegations of the complaint, and also pleads certain facts upon which he predicates fraud in procuring the mortgage, if the evidence fails to establish fraud, but does show that defendant never intended to give, and plaintiff never intended to take, a mortgage upon the property in controversy, and that the mistake was not the result of defendant's negligence, then defendant will be entitled to a verdict in his favor, notwithstanding his failure to prove fraud." In that case the defendant was claiming that certain property had been

inserted in the mortgage which was not intended to be mortgaged, and the court held that a mistake in inserting a description of it in the mortgage could be shown by the defendant to defeat the claim of plaintiff to the right to its possession. On principle, that case is like the present one. In that case the property was wrongfully inserted in the mortgage. In this case the property was wrongfully described, if the year expressed in the mortgage only is looked at. It is therefore permissible to show that a mistake was made to defeat the claim of conversion made by the plaintiff. In other words, the same facts may be shown as an equitable defense in this case that would have to be shown to give the mortgagee a right to reform the mortgage to show the real intention of the parties, if he was asking for affirmative relief based on his mortgage. Goldberg v. Kidd, 5 S. D. 169, 58 N. W. 574.

The other assignments of error become immaterial, in view of the fact shown that the defendant had a mortgage on the crop of 1904 under the evidence.

The judgment is reversed, and the cause remanded for further proceedings. All concur.