# MARTIN TEIGEN, Respondent, v. OCCIDENT ELEVATOR COMPANY, a Corporation, Appellant.

## (200 N. W. 38.)

**Chattel mortgages — description of crops must be definite — in instant case held too indefinite as against subsequent purchaser, charged only with record notice.**

As against a subsequent purchaser affected only with constructive notice imparted by the record, a chattel mortgage covering all crops which have been or may be hereafter sown, grown. cultivated and harvested during the year A. D. ———— and for each and every succeeding year, etc., is too indefinite and held to be void for uncertainty.

Opinion filed July 21, 1924. Rehearing denied September 15, 1924.

Chattel Mortgages, 11 C. J. § 78 p. 456 n. 28 New, p. 457 n. 34, p. 458 n. 36; § 96 p. 468 n. 36, 36 New; § 97 p. 469 n. 41; § 98 p. 469 n. 50 New; § 193 p. 517 n. 20; § 226 p. 538 n. 32, 34, p. 539 n. 35 New; § 228 p. 541 n. 52. Mortgages, 27 Cyc. p. 1181 n. 97; p. 1205 n. 39 New.

In District Court, Ward County, *Moellring*, J.

Action for the conversion of grain by a chattel mortgagee against an elevator company. Plaintiff recovered a judgment.

Defendant has appealed from an order denying a motion for judgment non obstante or in the alternative for a new trial.

Reversed and action dismissed.

*Young, Conmy & Young* and *Emanuel Sgutt,* for appellant.

"A description of property in a chattel mortgage is generally considered sufficient if it enables a third person, aided only and directed by such inquiries as the instrument itself suggests, to identify the property. But, in determining the sufficiency of description of mortgaged personal property, the character of the property must be considered. A description sufficient as to ordinary personal property may be insufficient as to growing crops or crops to be grown. Such crops can be identified only by a description of the particular property upon which they are growing or are to be grown." First State Bank v. Kellogg Commission Co. 41 N. D. 276, 170 N. W. 635; Commercial State Bank

Note—Sufficiency of description of mortgaged crops, see annotation in 23 L.R.A. 458; L.R.A.1917C, 22; 5 R. C. L. 428; 1 R. C. L. Supp. 1398.

v. Interstate Elevator Co. 14 S. D. 280, 85 N. W. 219; Muir v. Blake (Iowa) 11 N. W. 621.

"A description of land such as is contained in these chattel mortgages upon which the crops are mortgaged may be good as between the original parties to the mortgages, but it is too indefinite and uncertain to constitute notice to innocent purchasers for value." First State Bank v. Kellogg Commission Co. 41 N. D. 274, 170 N. W. 635.

The mortgage was therefore indefinite and uncertain, and we think the better rule is that before a mortgage on crops to be sown or planted can be regarded as valid as against third persons, the year or term the crops are to be sown must be stated. Pennington v. Jones, 10 N. W. 274; Eggert v. White, 13 N. W. 426; Shields v. Ruddy, 28 Pac. 405; Barr v. Cannon, 28 N. W. 412.

It will be noted that in all of these cases from Iowa the description is insufficient to raise an inquiry that would result in identification. Merchants Nat. Bank v. Mann, 2 N. D. 456.

Public records are only constructive notice of what one would discover by examining the recorded instruments, and not of what he might ascertain by following an inquiry suggested by inspecting them. Adams v. West Lumber Co. (Tex. Civ. App.) 162 S. W. 974.

A chattel mortgage made by one not the owner of the property, or by the owner in a fictitious name, and recorded is not constructive notice to a third person. L. Fish Furniture Co. v. Reliable Storage & Van Co. 187 Ill. App. 6.

A chattel mortgage signed under an assumed name, or a name by which the grantor is not customarily known, imputes no knowledge to a third person. New England Nat. Bank v. N. W. Nat. Bank, 171 Mo. 307, 71 S. W. 191; First Nat. Bank v. Haconda Merc. Co. (Ala.) 53 So. 802; Smith's Appeal, 47 Pa. 128; Bradford v. Lembke (Tex.) 118 S. E. 159.

The plaintiff in grain conversion cases must clearly and definitely establish the identity of the grain alleged to have been converted as grain to which he had a right. It is elementary that such proof is essential. Martin v. Hawthorne, 5 N. D. 66, 63 N. W. 895; Russell v. Amundson, 4 N. D. 112, 59 N. W. 477.

The respondent having neglected to show the value of the grain as on the date of conversion, and only at the dates of delivery and sale,

some weeks prior to the demand, had not made a prima facie case when it rested, and the appellant submitted its motion for a directed verdict. Hence it was error to deny such motion. Citizens Nat. Bank v. Osborne-McMillan El. Co. 21 N. D. 339, 131 N. W. 266.

If the conversion was the act of the pledgeor or one claiming under him the pledgee will be limited to recovery of the amount due him from the pledgeor. Bowers, Conversion, § 684.

By taking the property and holding it for more than two years (the plaintiff) must be held to have elected to take the property so far as its value would go in satisfaction of his claim, and if the value was greater than the amount of the claim he would hold the balance for the mortgagor. Marselles v. Perry (Neb.) 87 N. W. 544.

A defendant in an action to recover unliquidated damages for a tort may generally introduce evidence in mitigation of damages, except in actions for slander or libel, under a general denial in his answer. United States v. Homestake Min. Co. (C. C. A. 8th) 117 Fed. 481.

Matters in mitigation of damages merely should be given in evidence under the general issue, for by that plea, the defendant puts upon the plaintiff, not only the proof of his injury, but its extent. Grayson v. Brooks, 64 Miss. 410, 1 So. 482.

*Palda & Aaker,* for respondent.

Then the year was inadvertently omitted, and appellant urges this as fatal. This contention is effectively answered by the case of Gorder v. Hilliboe, 17 N. D. 281, 115 N. W. 843.

Where a description in a recorded instrument is erroneous, but the error is apparent on the face of the instrument, and the understanding of the plain import of the record is not defeated, the record is constructive notice. 23 R. C. L. 220.

The rule is, that wherever the defendant has a legal or equitable interest in or claim upon the specific property for the conversion of which he has sued, the recovery against him is limited to the actual net amount of the plaintiff's interest, although the possession is wrongfully assumed or retained. This fully indemnifies the plaintiff and leaves the balance of value in the hands of him who is entitled to it, thus settling the whole controversy in one suit. And if the plaintiff be only the claimant of a lien against the property for its conversion by one a

total stranger to it, yet as against the owner his recovery will be limited to the amount recovered by his lien. Bowers, Conversion, § 635.

A mortgagee having the right of possession may recover the full value of the property even in excess of his debt, in an action against a stranger who shows no right to the property. Adams v. Peterson (Minn.) 29 N. W. 321.

### Statement.

BRONSON, Ch. J. This is an action for the conversion of about 115 bushels of spring wheat. Plaintiff received a verdict in his favor. Defendant has appealed from an order denying judgment non obstante or in the alternative for a new trial. Defendant is a corporation engaged in the business of purchasing and storing grain. On December 10th, 1917, one Shong, a cropper, farming certain land in Ward County, gave to plaintiff a chattel mortgage to secure a note for $1910.00 dated November 1st, 1917, and due November 1st, 1918. This mortgage, in addition to mortgaging certain farm machinery, horses, mules and cows, also mortgaged "all that certain personal property free from all encumbrance described as follows, to-wit: all crops of every name, nature and description, which have been or may be hereafter sown, grown, cultivated and harvested during the year A. D. — and for each and every succeeding year until said debt is fully paid, undivided one-half of crop raised on the S$\frac{1}{2}$ of SW$\frac{1}{4}$ of Sec. 13, etc." In 1918 the cropper raised certain spring wheat and crops on this land. In November, 1918, he hauled two loads of wheat to defendant's elevator for which he received payment from defendant. The cropper's indebtedness to defendant was not satisfied. Plaintiff instituted this action in conversion against defendant on account of its special interest in the grain by virtue of said chattel mortgage.

Upon this appeal, the defendant, among other things, contends that the chattel mortgage involved is void for uncertainty by reason of the failure to insert in such chattel mortgage the year therein left blank.

On the other hand, the plaintiff maintains that the chattel mortgage involved is valid for the reason that the inadvertent omission of the year created no uncertainty since in this state a chattel mortgage upon crops is valid only for the crop next maturing after the delivery of the

mortgage, quoting the statute, Comp. Laws, 1913, § 6707, and otherwise, citing Gorder v. Hilliboe, 17 N. D. 281, 115 N. W. 843.

## Opinion.

We deem the chattel mortgage involved, so far as it afforded constructive notice to defendant, as a subsequent purchaser, to be void for uncertainty. Consequently, this is the only issue upon this appeal that requires discussion since it is determinative of the action.

It is not claimed that defendant had any actual notice of the chattel mortgage. It is bound thereby only through the constructive notice given by the record thereof.

The rule generally recognized is that a description of property in a chattel mortgage is generally considered sufficient if it enables a third person, aided only and directed by such inquiries as the instrument itself suggests, to identify the property. But, in determining the sufficiency of description of mortgaged personal property, the character of the property must be considered. A description sufficient as to ordinary personal property may be insufficient as to growing crops or crops to be grown. See First State Bank v. Kellogg Commission Co. 41 N. D. 269, 276, 170 N. W. 635. In that case a chattel mortgage covered "all crops which have been or may be hereafter sown, etc., upon land in Sec. 25, Twp. 134, Range 91." The description was held to be too indefinite. This court said that the description of the land, crops upon which are mortgaged, should be sufficiently definite, in order to be notice to purchasers of such crops for value, so that one examining the record could, with reasonable certainty, identify and know where the crop really is which is mortgaged.

In the case of Hagen v. Dwyer, 36 N. D. 346, 162 N. W. 699 (an action between mortgagor and mortgagee) one chattel mortgage covered, "25 acres of wheat south of the North 100 acres of section 23." With reference to this description, this court said,—"It is impossible to locate with definite certainty any particular 25 acres of wheat, intended to be covered by the mortgage, grown upon land, 'South of the North 100 acres of section 23.' The description is not even confined to the half section nor to the quarter section, and it is difficult to see how a roving description of this character can possibly be made certain in

its application, in the light of any extrinsic evidence that might be adduced in the case at bar. It does not point to any measure according to which it can be made definitely applicable."

The question here involved is not the validity of a chattel mortgage as between the parties but the sufficiency of the description in the mortgage so as to afford a means of identification concerning the crops of 1918 through the record thereof and thus to give constructive notice to a party otherwise without notice.

Descriptions in mortgages have been the subject of much litigation concerning the effect of the same, when recorded, as constructive notice. Generally speaking, a realty mortgage, through the act of recording, fastens itself upon particular land regardless of fee title or ownership therein. A personalty mortgage, on the contrary, through the act of filing, can fasten itself only to a person and through that person, upon his property, since there is no recording system of preserving or perpetuating titles in personalty.

Although descriptions in a chattel mortgage do not identify themselves yet they must furnish the means of identification. A description, to be sufficient, must point out the means whereby the precise thing mortgaged may be identified with certainty. Jones, Chat. Mortg. 5th ed. §§ 53, 54; City Bank v. Ratkey, 79 Iowa, 215, 44 N. W. 362; Willey v. Snyder, 34 Mich. 60. The record of the chattel mortgage is not constructive notice of more than it contains. 11 C. J. 538. See Harney v. Wirtz, 30 N. D. 292–305, 152 N. W. 803.

Hence, in general, omnibus or roving descriptions in chattel mortgages are too indefinite, general, and uncertain to furnish, through constructive notice thereof, means of identification. In general, they furnish neither guide nor protection to either purchaser or seller concerning specific chattels.

Thus, a mortgage of crops without stating time or location; a mortgage of crops raised or to be raised without stating the year are roving and uncertain descriptions. See Jones, Chat. Mortg. 5th ed. §§ 55a, 55b; Muir v. Blake, 57 Iowa, 662, 11 N. W. 621; Pennington v. Jones, 57 Iowa, 37, 10 N. W. 274; Eggert v. White, 59 Iowa, 464, 13 N. W. 426; Luce v. Moorehead, 73 Iowa, 498, 5 Am. St. Rep. 695, 35 N. W. 598; Barr v. Cannon, 69 Iowa, 20, 28 N. W. 413; see notes in 14 Am. St. Rep. 246; 83 Am. St. Rep. 539; and 23 L.R.A. 460.

Tested by these principles we deem the description involved too indefinite, general and uncertain to point out or to furnish the means of identifying the crop of 1918, through the constructive notice afforded by the record.

Concerning the description *"undivided one-half of crop raised"* on the land described, if the past tense as used be interpreted as such, it might refer to a crop raised in 1917 or in some anterior year; if the word "raised" be construed as "to be raised," then it might refer to some indefinite year in the future. If such description be construed to refer to the printed language that immediately precedes, for instance, by amending and intending to amend such printed language by cutting down a mortgage of all the crops to an undivided half thereof, then such description is subject to the objection that applies to the printed language.

Concerning such printed description, *"All crops of every name, nature and description which have been or may be hereafter sown, grown, cultivated and harvested during the year A. D. —"* the words *"which have been sown, grown, etc., during the year A. D. —"* do not cover the crop of 1918; and, manifestly, with the words, *"during the year A. D. —"* omitted do not cover the year 1918; again, the words, *"which may be hereafter sown, grown, etc., . . . during the year A. D.—"* may refer to one of several years. The words following the printed description, *"and for each and every succeeding year until said debt is paid"* do not compel, in our opinion, a recognition, or furnish a means of identification by the person affected only with constructive notice that the crop in 1918 was in any event mortgaged. To so hold would require that the party, so affected with constructive notice, first make certain and definite that which is uncertain and indefinite, namely, the year of coverage for crops *grown* and the year of coverage for crops *to be grown;* both of which are indefinite and uncertain. In fact, if the year 1917 be inserted, the language used will not be harmonious because the time for the future raising of crops in 1917 had already passed; likewise, if the year 1918 be inserted, a like lack of harmony will exist because a crop of 1918 could not have been already raised in 1917.

Accordingly, whether the succeeding year mentioned in the term commences with 1918, 1919, or some other year, is a matter indefinite

and uncertain unless some arbitrary or absolute reconstruction be made of the entire language used.

In our opinion the party holding the position of a person affected only with constructive notice is not bound, at his peril, to reconstruct, reform, and harmonize a description that is indefinite, general, and not harmonious. The burden should not be imposed upon him to be either a mind reader or a correct interpreter with respect to the actual mental intentions of the parties. The description on its face should point out the means by which definiteness and identification may be assured and secured.

In the instant case the plaintiff relies upon the statute, § 6707, Comp. Laws 1913, which provides that a chattel mortgage shall attach only to the crop next maturing after the delivery of the mortgage. But this statute excepts chattel mortgages to secure the purchase price or rental of land upon which crops are to be grown. It is not essential that the chattel mortgage disclose on its face the fact that it was given for the purchase price or rental of land. 27 Cyc. 1181; Commonwealth Title Ins. & T. Co. v. Ellis, 192 Pa. 321, 73 Am. St. Rep. 816, 43 Atl. 1034. See Beiseker v. Svendsgaard, 28 N. D. 366, 370, 149 N. W. 352; Erickson v. Wiper, 33 N. D. 193, 206, 157 N. W. 592. Hence, the person affected with constructive notice was not bound to assume that the chattel mortgage involved concerned a lien, not to secure the purchase price or rental of the land upon which such crops are to be grown.

The case of Gorder v. Hilliboe, 17 N. D. 281, 115 N. W. 843, is not in point. In that case the chattel mortgage covered crops that shall be grown, raised, etc., during the year of 1903. The mortgage was dated in December, 1903. The action was between the administrator of the estate of the mortgagee and the administrator of the estate of the mortgagor. A clerical mistake had been made. It was the intention of the parties to state the year 1904 in the mortgage. Between the parties themselves it was competent, as held, to establish the exact intention of the parties; but, in the case at bar, would it be contended that if the parties had, in fact, inserted the year 1919 in the mortgage, that the defendant, affected only by constructive notice, was bound to know or to assume that the parties really intended the year 1918 and not the year 1919 and thus to be affected concerning the crops for the year

1918? Principles of public policy well require that parties seeking to bind others merely by constructive notice should definitely point out the object of their security to the end that chattel mortgages, through general descriptions and indefinite statements, may not become a trap for the unwary and the innocent to their loss and damage. The judgment of the trial court should be reversed and the action dismissed. It is so ordered.

JOHNSON and NUESSLE, JJ., concur.

BIRDZELL, J. (dissenting). I am of the opinion that the description in the mortgage in the instant case is sufficiently definite to render it a valid mortgage upon the 1918 crop. The note was dated November 1, 1917, and due November 1, 1918, and it was so described in the mortgage. It would hardly be contended that the parties were mortgaging the 1919 crop to secure a note due in the fall of 1918, and the mortgage is not reasonably susceptible of such a construction. Hence, the only uncertainty is as to whether or not the mortgage covers the 1917 crop or the 1918 crop. It must cover one of the two or possibly both, for the only uncertainty that arises is through the omission of the year in the description. The land is definitely described and the mortgage purports to cover all crops. It is the 1918 crop that is in question. If it be assumed that the mortgage covers the 1917 crop, then it is clear that it also covers the 1918 crop, for it covers the crop grown "for each and every succeeding year until said debt is fully paid," and under our statute a mortgage given in the fall of 1917 would be valid as to the crop maturing in 1918. If it covers both the 1917 crop and the 1918 crop, it is, of course, definite in its application to the 1918 crop. It seems to me that the only uncertainty is as to whether it covers the 1917 crop, and we are not concerned with that in this case. It necessarily covers the 1918 crop under any construction except the unreasonable construction that it might have been intended as a mortgage upon the 1919 and succeeding crops. I therefore dissent from the holding in the majority opinion.

I am authorized to say that Mr. Justice Christianson concurs in this dissent.