DINNEEN, Respondent, vs. FARMERS' CO-OPERATIVE
ELEVATOR CO., Appellant.

(214 N. W. 811.)

(File No. 6018.. Opinion filed July 9, 1927.)

**Chattel Mortgages—Description of Mortgage as Undivided Interest in
Crops to Be Grown Held Insufficient to Mortgage Corn Planted
Thereafter (Rev. Code 1919, § 1600).**

Description in chattel mortgage as covering undivided two-
thirds interest in crops to be grown on certain described land
held insufficient to mortgage corn planted thereafter, within
Rev. Code 1919, § 1600.

Note.—See, Headnote (1), American Key-Numbered Digest, Chat-
tel mortgages, Key-No. 117, 11 C. J. Sec. 95.

As to sufficiency of description in chattel mortgage of crops
covered by mortgage, see annotation in L. R. A. 1917C, 22; 5 R. C.
L. 428; 1 R. C. L. Supp. 1398.

Appeal from Circuit Court, Beadle County; Hon. ALVA E.
TAYLOR, Judge.

Action by Stephen D. Dinneen against the Farmers' Co-op-
erative Elevator Company. From a judgment for plaintiff, and
an order denying a motion for a new trial, defendant appeals.
Affirmed.

*Chamberlain & Hall,* of Huron, for Appellant.
*McCoy & McCoy,* of Huron, for Respondent.

MISER, C. This is an action for conversion, to recover corn,
or its value, claimed by plaintiff under a chattel mortgage thereon
filed September 28, 1923. The appellant, Farmers' Co-operative
Elevator Company, defended on the ground that the same corn
was covered by a prior chattel mortgage to the First State Bank
of Cavour, hereafter referred to as "the bank," said mortgage
being dated April 9, 1923, and filed April 10, 1923. The descrip-
tion of the property mortgaged in the bank's mortgage is as fol-
lows:

"Also my undivided two-thirds interest in all the crops of
every kind, including grass, which have been or may hereafter be
sown, grown, planted cultivated, or harvested during the year
A. D. 19—, to wit, on the northeast quarter of section 19, town-
ship 110, range No. 60, in Beadle county, South Dakota."

At the close of the evidence, both parties moved for a directed verdict. One of the grounds for plaintiff's motion was that the description of the crops in the bank mortgage was too vague and indefinite and uncertain to identify the crops intended to be mortgaged, if any, as being grown, sown, planted, or harvested in any particular year, and to inform third persons as to what crops were intended to be mortgaged, by reason of the fact that no year is named or stated; it appearing from the evidence that the crop of corn which is the subject of the action was planted about one month after the execution of the bank's mortgage.

The evidence discloses that the land described in the bank mortgage was the land leased by plaintiff and respondent to the mortgagor for the year 1923; that the mortgagor occupied the premises only that one year; that the note secured by the bank's mortgage was dated April 9, 1923, being the date of the bank's mortgage, and was due October 1, 1923. Plaintiff's motion for a directed verdict was granted, and this appeal is from the judgment and order denying appellant's motion for a new trial.

Section 1600, Rev. Code, so far as material herein, is as folows:

"Any provision in any chattel mortgage, by which a lien is sought to be created upon any crops not in actual existence at the time of giving such mortgage, except crops growing or to be grown within one year thereafter, * * * are hereby declared to be and are made void."

That one may make a valid mortgage of a thing in which he has a potential interest at the time, or that one may mortgage crops not yet planted, has been familiar law since it was declared by Chief Justice Hobart that:

"Land is the mother and root of all fruits. Therefore he that hath it may grant all fruits that may arise upon it after; and the property shall pass as soon as the fruits are extant." Jones on Chattel Mortgages, § 140.

The Nebraska court has questioned whether the mere ownership or possession of the soil carries with it the production of crops potentially:

"Soil alone does not produce crops of corn in this degenerate age, if it ever did. It now requires, in addition to soil, seed and labor, both of man and beast; so that the proposition that a

* * * mortgage of a crop of corn not yet planted carries with it a * * * lien upon such crop, to attach * * * without 'a new intervening act,' carries with it the proposition that a man may mortgage his labor to be performed—something which I never heard contended for in this country."   Cole v. Kerr, 19 Neb. 553, 26 N. W. 598.

The attitude of the Nebraska court has been more recently declared as follows:

"In these cases the court has taken the position that it is against public policy to permit a person to mortgage what he does not have.   A mortgage of future acquisitions might deter one from the effort of making acquisitions or of producing such property.   John A. Roebling's Sons Co. v. Nebraska Electric Co., 106 Neb. 255, 183 N. W. 548.

The Dakota Territorial Supreme Court, in Grand Forks National Bank v. Minneapolis & Northern Elevator Co., 6 Dak. 357, 43 N. W. 806, held that it does not require an affirmative act on the part of the mortgagee or further ratification on the part of mortgagor to make a valid mortgage upon a crop to be grown on the mortgagor's land, and in 1895, by section 1 of chapter 138, statutory authorization was given for the mortgage of crops not in actual existence at the time, which section, as twice amended, now appears as section 1600, supra.   But, even after the enactment of the statute, this court said:

"It has been doubted whether the rule allowing a chattel mortgage upon growing grain or crops to be raised in the future under any circumstances was a wise one; but while such a mortgage may be regarded as too firmly established in this state to be now questioned, it certainly is our duty to hold parties to a strict rule, and require a full description of the realty upon which crops are to be grown."   Commercial State Bank v. Interstate Elevator Co., 14 S. D. 276, 85 N. W. 219, 86 Am. St. Rep. 760; 5 R. C. L. 428.

North Dakota, in Teigen v. Occident Elevator Co., 51 N. D. 563, 200 N. W. 38, held a mortgage as to crops thereafter sown to be void when the year was left blank as in the case at bar, and, as to the person to be charged with constructive notice of such a mortgage, says:

"The burden should not be imposed upon him to be either a mind reader or a correct interpreter, with respect to the actual mental intentions of the parties. The description on its face should point out the means by which definiteness and identification may be assured and secured."

In Iowa the case of Pennington v. Jones (decided in 1881), 57 Iowa 37, 10 N. W. 274, is a leading case. Therein the court says:

"We think the better rule is that, before a mortgage on crops to be sown or planted can be regarded as valid against third persons, the year or term the crops are to be grown must be stated. This much, at least, should be required, and whether it would be sufficient is not determined in this case."

This is the rule as announced in 11 C. J. 468, § 95; and, in Jones on Chattel Mortgages (5th Ed.), § 55B, it is said:

"In describing a crop to be raised, it is essential to state when it is to be raised as well as where it is to be raised; and, generally, a description which omits the year and does not in any way indicate the time within which the crop is to be raised, is insufficient as against a third person acquiring rights in it."

In the same section the author states that the time of raising the crops may be sufficiently indicated without naming the year; and to the same effect is 11 C. J. 469, § 97, and 5 R. C. L. p. 428, § 60, each of which texts cites Luce v. Moorehead, 73 Iowa 498, 35 N. W. 598, 5 Am. St. Rep. 695; but a reading of the case of Luce v. Moorehead, supra, discloses that that applied only to crops growing at the time of its execution, the court holding that, where a chattel mortgage describes certain property as "crops growing or to be grown" on certain land, it is sufficiently definite to cover the crops growing at the time of its execution, and, as to time, is valid, although the year when the crops are to be grown is not specified; but that, as to the crops to be grown, such description would be insufficient, and the mortgage as to such crops would be void under Pennington v. Jones, supra.

It is true that, under the decision of Myers-Shepley Co. v. Milwaukee Grain Elevator Co., 124 Wash. 588, 214 P. 1051, Perkins v. Alexander (Tex. Civ. App.), 209 S. W. 789, and cases cited therein, authority is found for the contention that the description in the mortgage in the case at bar is sufficient to

identify the corn sought to be held under the bank's mortgage, by reason of the fact that the date of execution and maturity of the note thereby secured indicates with reasonable certainty the year in which the corn is to be grown. The weight of authority, however, supports the holding that such description is insufficient to mortgage the corn in question, being planted thereafter.

Furthermore, such a holding is supported by the decisions of neighboring states, and is in accord with the policy of this court as stated in Commercial State Bank v. Interstate Elevator Co., supra. We therefore hold that the trial court committed no error in granting plaintiff's motion for directed verdict, and the judgment and order appealed from are affirmed.

CAMPBELL, P. J., and GATES and SHERWOOD, JJ., concur.

POLLEY and BURCH, JJ., not sitting.